The State v. Hall.

THE STATE v. HALL, *Appellant.*

85 | 669
100a | 538

1. **Criminal Law** : LARCENY OF DEED : INDICTMENT. In an indictment under Revised Statutes, section 1312, for the larceny of a deed, the same particularity of description is not necessary as in charging its forgery. If the statutory term is employed in designating the instrument charged to have been stolen, no more minute description is requisite than the common law requires in an indictment for the larceny of an ordinary chattel. It is sufficient to describe the instrument by any name by which the same may be usually known. R. S., sec. 1814.

2. ——— : ——— : ———. An indictment for the larceny of a deed need not mention the name of the grantee in the deed. And the term "deed" imports a complete instrument.

3. ——— : ——— : ——— : VALUE : OWNERSHIP. In an indictment under Revised Statutes, section 1312, for the larceny of a deed, it is not necessary to allege that it was of any value. And said section is broad enough to cover the larceny of deeds not delivered, and wills not probated. The indictment in such case may charge the property as either the bailee's or the bailor's, or as the thief's, or true owner's, at the election of him who draws it.

4. ——— : ——— : EVIDENCE : TAKING : INTENT. Where one obtains possession of a deed of release under the pretense that it was only for a temporary purpose, and, after so securing possession of it, has it placed upon record, this is such a trick or artifice as amounts to a constructive taking and is evidence of an original felonious intent.

5. ——— : INTENT. The intent with which one does an act is properly presumed to be that which was its natural consequence, and may be gathered from his subsequent conduct, conversations and letters in relation to such act.

*Appeal from Jackson Criminal Court.*—HON. H. P. WHITE, Judge.

AFFIRMED.

*Frank Titus* for appellant.

It is alleged the instrument stolen was a deed. There can be no deed without a grantee, and there is no sufficient description of the instrument. *State v. Kroeger*, 47 Mo. 530; *State v. Fay*, 65 Mo. 490; *State v. Page*, 19 Mo. 213; 3 Wash. on Real Prop. (3 Ed.) 236; 1 Bouvier, 387. The value of the property affected is alleged to be two hundred dollars, and the value of the deed should have been charged to be the same. R. S., sec. 1310; *State v. Krieger*, 68 Mo. 98. Defendant's objection to Ford's statement of what defendant stated to him about or before the taking of the deed, about selling his or his wife's property should have been sustained. *Gamble v. Johnson*, 8 Mo. 606; *State v. Dominique*, 30 Mo. 585; 1 Taylor's Evidence, secs. 586, 587; 21 Alb. L. J. 484, 504. The instruction asked at the close of the state's case should have been given. There was a failure to show any criminal taking or larcenous intent. *Johnson v. State*, 19 Cent. L. J. 114. The first instruction for the state was erroneous. There was no evidence warranting an inference of felonious taking. *Witt v. State*, 9 Mo. 671. The second instruction erroneously declares that although defendant obtained the deed with Ford's consent, yet, if he converted the same to his own use, he is guilty. *Burnside v. Twitchell*, 43 N. H. 390; *Williams v. Given*, 6 Gratt. 268. The court should have told the jury what constituted a conversion. *State v. Sims*, 71 Mo. 540.

*D. H. McIntyre*, Attorney General, for the state.

The deed was sufficiently described by its name and purport. R. S., 1879, sec. 1814. It was not necessary to allege that the deed was of any value. Sec. 1814,

*supra;* R. S., sec. 1312. The ownership was properly laid in Jonathan Ford. He was in lawful possession when the deed was taken by defendant, and possession is sufficient ownership. It is not necessary to prove that the person alleged to be the owner has the legal right to the property. *State v. Schatz,* 71 Mo. 502.

SHERWOOD, J.—I. The defendant was indicted for the larceny of a deed charged to be the property of Ford. The indictment is bottomed on section 1312, Revised Statutes, and is sufficient, as it pursues the language of the statute and states all the constituent elements of the offence in question. The same particularity of description is not required where the larceny of an instrument is charged as where it is forgery. In the former case, if the statutory term is employed in designation of the instrument, no more minute description is requisite than the common law requires in an indictment for the larceny of an ordinary chattel. Bishop on Stat. Crim., sec. 691. Besides, section 1814, Revised Statutes, 1879, in express terms declares that: "In any indictment for \* \* \* stealing \* \* \* any instrument or property, it shall be sufficient to describe such instrument or property by any name or designation by which the same may be usually known." This disposes of the objection that the indictment does not mention the name of the grantee in the deed. And the term "deed" imports *ex vi termini* a complete instrument. *State v. Fisher,* 65 Mo. 437.

And the indictment is so full in other particulars as to the description of the property to be affected by the instrument alleged to have been stolen, and as to the parties thereto, and other descriptive incidents, that no doubt can arise that the indictment fully informed the defendant of the "nature and cause of the accusation." An indictment similar in form to the one at bar is framed

on the British statutes in regard to stealing writings relating to real estate. 2 Arch. Crim. Plead. & Prac. 1253. And under the provisions of section 1312, *supra*, no necessity existed to allege that the instrument charged to have been stolen was possessed of any value. The plain object of the section was to protect from larcenous hands wills, deeds or instruments of writing, being or purporting to be the act of another, by which any right or interest in real or personal property shall be or purport to be transferred, or conveyed, or, in any way, changed or affected. The section is broad enough and precise enough to extend its statutory protection over a deed, whether the right or interest therein mentioned has become consummated by reason of the delivery of the deed or not. Indeed, it must be obvious that many of the evils the statute designed to prevent would not be prevented if such a narrow view were to be taken of its scope and meaning as would place outside of its domain and jurisdiction a deed not delivered or a will not probated. And it was proper for the indictment to lay the property in Ford. He was the bailee of the deed of release, had a qualified property therein, and this was sufficient. The indictment in such cases may charge the property as either the bailee's or the bailor's, or as the thief's, or as the true owner's, at the election of him who draws the indictment. 2 Bishop's Cr. Law, secs. 789, 826.

II. As to the evidence in the cause, if the testimony of Ford is to be credited, it furnished, with its accompanying papers, plenary proof of the crime charged. And if defendant obtained possession of the deed of release under the pretense that it was only for a temporary purpose, and, thus securing possession of it, had it placed upon record, this was such a trick or artifice as amounted to a constructive taking and was evidence of an original felonious intent. 3 Greenleaf on Evidence, sec. 160; 1 Bishop Crim. Law, sec. 583; Roscoe's Crim. Evid., 623, 626; 2 Arch. Crim. Pl. &

'Prac. 1201. And the intent of ' the defendant was properly presumed to be that which was the natural consequence of the act with which he was charged. 1 Arch. Crim. Pl. & Prac. 366; 3 Greenl. Ev., secs. 13, 14, 18. The intent of the defendant could also be gathered from his subsequent conduct and conversations in reference to the deed of release, and his letter to Tuttle, of July 8.

And the letter of Tuttle to .Ford, of May 17, which enclosed the note of two hundred dollars, and requested the collection and remittance of the amount, and interest, and the delivery of the release, cannot admit of but one construction, i. e., that the collection of the note was *first* to occur, and *then* the delivery of the deed. No one accustomed to business transactions, or worthy to be entrusted with them, but would know that the collection of the note was a *condition precedent* to the delivery of the deed of release. .The point is too plain for discussion. The evidence on the part of the defendant showed him to be innocent of the crime or of any criminal intent, but this was a matter to be weighed by the jury, together with the evidence offered by the state. *State v. Musick*, 71 Mo. 401; *State v. Cook*, 58 Mo. 548.

III. Relative'to the instructions, those given on the part of the state, and by the court, of its own motion, placed the issues in the cause very fairly before the jury, and left nothing to be desired. Indeed, the first and second instructions given by the court at its own instance, are, perhaps, too favorable to the defendant.

Finding no error in the record, the judgment is affirmed. All concur.