The State v. Grisham.

90  163<br>130  364

## THE STATE, *Appellant*, v. GRISHAM.

1. **Criminal Law**: EMBEZZLEMENT OF CHATTEL MORTGAGE BY MORTGAGEOR: REVISED STATUTES, SECTION 1312. Section 1312, of the Revised Statutes, only applies to the theft or embezzlement of an instrument of writing, "being or purporting to be the act of another," and is not applicable to the embezzlement by a defendant of a chattel mortgage executed by himself.

2. ————: ————: REVISED STATUTES, SECTION 1322: INDICTMENT. The embezzlement by a defendant of a chattel mortgage executed by himself is an offence probably included within the prohibition of section 1322 of the Revised Statutes, but the indictment to be valid must allege by whom the chattel mortgage was delivered to defendant.

*Appeal from Scott Circuit Court.*—HON. J. D. FOSTER, Judge.

AFFIRMED.

*B. G. Boone*, Attorney General, for the state.

Error was committed in quashing the indictment. It complies with the substantial requirements of the statute on which it is based, and states all the essential elements of the offence charge l. This is all that is required. R. S., sec. 1312; *State v. Hall*, 85 Mo. 66J.

*Wm. Hunter* for respondent.

SHERWOOD, J.—The charging portion of the indict-
ment is as follows: "That M. Thomas Grisham on the
fifteenth day of August, A. D., 1883, at the county of
Scott aforesaid, then and there executed, acknowledged
and delivered a certain chattel mortgage to Andrew ·J.
Pigg and John Q. Lemms, by which he conveyed to them
five cows, two two-year-old steers and one heifer, and
thirty-five acres of growing corn situate upon the 'Huey
farm' in said county and all of said property of the
value of two hundred dollars. That the said chattel
mortgage, so as aforesaid executed and delivered by the
said M. Thomas Grisham to the said Andrew J. Pigg
and John Q. Lemms, was executed and delivered as
aforesaid to secure the payment of a certain promissory
note of the same date as the said mortgage for the sum
of two hundred dollars, payable six months after date,
also executed by the said M. Thomas Grisham to the
said Andrew J. Pigg and John Q. Lemms, a more
particular description of which said note and mortgage
is to these grand jurors unknown, and, therefore, cannot
be given, which said chattel mortgage was then and
there delivered to the said M. Thomas Grisham, as bailee,
to be by him carried and delivered to John M. Leftwitch,
the recorder of deeds for Scott county, or to his clerk at
the recorder's office in Benton, in said county and state,
the said John M. Leftwitch being then and there
authorized and entitled to receive the same for record,
and the said M. Thomas Grisham being so as aforesaid
the bailee of the said chattel mortgage, the property of
the said Andrew J. Pigg and John Q. Lemms, did not
deliver the said chattel mortgage to the said John M.
Leftwitch, nor leave the same for record at the recorder's
office aforesaid, but that the said M. Thomas Grisham
has, since the fifteenth day of August, 1883, at the place

aforesaid fraudulently and feloniously embezzled, made way with and converted to his own use, without the assent of the said Andrew J. Pigg and John Q. Lemms, the said chattel mortgage, the same being then and there a valuable security condition for the payment of money, against the peace and dignity of the state."

I.   Section 1312, Revised Statutes, provides: "If any person steal or embezzle any will of real or personal property, or any deed or other instrument of writing, being or purporting to be the act of another, by which any right or interest in real or personal property shall be, or purport to be, assured, transferred or conveyed," etc.   It is contended on behalf of the state that the indictment is sufficient under the statutory provisions just quoted.   This is an obvious error because the section in question only levels its penalties at the act of theft or embezzlement of an instrument "being or purporting to be *the act of another*."   Here it is plain that the chattel mortgage alleged to have been embezzled by the defendant neither was, nor did it purport to be, "the act of another," but it was his own act, and, therefore, not within the terms of that section.   Hence *State v. Hall*, 85 Mo. 669, does not apply here.

II.   The indictment is very awkwardly drawn, and was evidently intended to be drawn under section 1322, which relates to "any carrier or other bailee" embezzling or converting to his own use "any money, goods, rights in action, property or valuable security," etc. Waiving another consideration to be presently noticed, the indictment would probably be good under that section but for the fact that it does not allege by whom the chattel mortgage was delivered to defendant.   He is certainly entitled to be informed on this point, and unless the indictment does so, it does not meet the constitutional requirement as to the "nature and cause of the accusation," nor could a conviction in such a case

be successfully pleaded in bar of a subsequent prosecution for the same offence.

III.   But section 1322 was not designed to apply to a case of this kind.   Its obvious purpose was to punish in common carriers the crime of embezzlement, and to the words "other bailee," the rule *ejusdem generis* applies, *i. e.*, that under the provisions of that section only those are punishable who occupy the relation of common carrier, or some similar contractual relation. Sedgwick Stat. & Const. Law, 360; *City v. Laughlin,* 49 Mo. 559, and cases cited.   And this rule is especially applicable when a statute highly penal is to be construed.

The judgment should, therefore, be affirmed.   All concur as to affirmance, but not as to the construction given section 1322.