THE STATE OF KANSAS v. T. E. GRIFFITH.

BAILMENT—*Embezzlement—Defective Information*. An information under § 90 of the crimes act against a bailee must set forth the character of the bailment and the purpose for which the defendant was entrusted with the property. A charge that the defendant embezzled certain property of another which had been prior thereto delivered to defendant as bailee, without alleging from whom the property was received or the purpose for which it was delivered to him, will be held fatally defective on a motion to quash.

*Appeal from Finney District Court.*

EMBEZZLEMENT. From a conviction and sentence, September 24, 1889, the defendant *Griffith* appeals. The facts are set forth in the opinion.

*Jas. T. Whitelaw,* and *Hopkins & Hoskinson,* for appellant.

*L. B. Kellogg,* attorney general, and *H. F. Mason,* county attorney, for The State; *Brown, Bierer & Cotteral,* of counsel.

The opinion of the court was delivered by

JOHNSTON, J.: T. E. Griffith was convicted under § 90 of the crimes act of embezzling a certain inventory of household goods and furniture. The information on which he was convicted alleged that —

"On the 22d day of August, 1889, in Finney county and state of Kansas, one T. E. Griffith did then and there unlawfully and feloniously embezzle and convert to his own use, and did then and there unlawfully make way with and secrete, with intent to embezzle and convert to his own use, the following property of one Simpson W. Day, then and there being, which property had been prior thereto delivered to him, the said T. E. Griffith, as bailee, said property being an inventory of household goods and kitchen furniture."

After giving a copy of the inventory, it is alleged that it was of special value to Day, and the reasons therefor are set out. The money value of the property is alleged to be $100. Nothing is stated in the information as to the character or circumstances of the bailment, why, or by whom it was delivered to the defendant, or anything indicating the special purpose for which it was placed in his hands, or the conditions upon which he was expected to hold, dispose of or return it. The sufficiency of the information in this respect was raised early in the prosecution by a motion to quash, but the motion was overruled.

The charge against the defendant should have stated the principal facts and circumstances constituting the bailment, and the acts of the defendant that were inconsistent with the

trust confided to him.    It is necessary at the trial that proof
of these facts should be made, and the information should
contain the essential facts to be proved, and whatever is neces-
sary to put the defendant on notice of that with which he is
charged and of which he is to be convicted.    The mere alle-
gation that he was a bailee is too general and indefinite, and
does not fairly inform the defendant of the nature and cause
of the accusation made against him.    The information should
state who placed the property in the hands of the defendant,
the purpose or use to which it was to be applied, and the time
within which this purpose was to be carried out, or the time
within which the property was to be returned.    The details
need not be set out with unnecessary particularity, but the
defendant should so far as is reasonably practicable be in-
formed by the information of the precise nature of the
charge made against him.    Was the inventory given to him
for safe-keeping for a stated period, and had that time
elapsed before he actually returned it?    Was it given to
him to accomplish a purpose of his own, or to accomplish
some purpose of Day's, and was the purpose effected when
the prosecution was begun?    Was it entrusted to him to de-
liver to another upon the happening of a certain contingency?
And has that contingency happened?    Was it given to him
in pursuance of some agreement for his own or Day's use?
And if so, is he not entitled to know what the agreement was,
and wherein he has violated it?    Bailments are so numerous
and various in their character that one charged with a viola-
tion of his contract and his trust, and of a misapplication and
embezzlement of property, should be informed of the object
of the trust as claimed by the prosecution, and wherein he
has failed to conform to that object.    In the present case, the
charge does not even state the name of the person from whom
the inventory was received.    It has generally been held under
similar statutes that the indictment, or information, should not
merely state the bailment or trust, but should aver the facts
and circumstances which made the case embezzlement; and it
is also necessary to state the purpose for which the defendant

was entrusted with the property. (*The People v. Cohen*, 8 Cal. 42; *The People v. Poggi*, 19 id. 600; *The People v. Peterson*, 9 id. 313; *Commonwealth v. Smart*, 6 Gray, 15; *The State v. Grisham*, 90 Mo. 163; *Gaddy v. The State*, 8 Tex. App. 127; *The State v. Mims*, 26 Minn. 191; Whart. Cr. Law, § 1061.)

One author doubts the necessity of alleging the character of the bailment, but he cites no contrary decisions. (Bishop, Stat. Cr., § 422.)

We think the information was fatally defective, and hence the judgment of the district court must be reversed and a new trial granted.

HORTON, C. J., concurring.

VALENTINE, J.: With grave doubts, I concur. The defendant was prosecuted upon an information which was not filed until after he had had a preliminary examination. In addition to Bishop, Stat. Cr., § 422, see, also, 6 Am. & Eng. Encyc. of Law, 498c, which cites *People v. Hill*, 3 Utah, 334; same case, 3 Pac. Rep. 75.