No. 26,202.

THE STATE OF KANSAS, *Appellee*, v. HENRY W. WACKER, *Appellant*.

SYLLABUS BY THE COURT.

1. EMBEZZLEMENT—*Information—Requisites and Sufficiency*. An information charging the president of a bank with embezzling, misapplying and abstracting the funds of the bank, is examined and *held*, not defective, (1) in failing to characterize a deposit of money in the bank as a bailment and stating the character of such bailment, nor (2) in failing to state the corporate character of the bank.

2. BANKS AND BANKING—*Deposits—Ownership*. Moneys deposited in a bank in a general or ordinary account become the property of the bank, and a part of its moneys, funds and credits, within the meaning of R. S. 9-140.

3. EMBEZZLEMENT—*Bank Officers—Official Capacity*. The president of a bank drew his individual check upon his personal account at the bank. When the check was presented for payment his account was insufficient to pay it, and he directed an employee to pay the check from the funds of the bank and to charge it to the account of another. *Held*, the embezzlement and misapplication and abstraction of the funds of the bank were done in his official capacity as president, within the meaning of R. S. 9-140, and not in his individual capacity.

4. CRIMINAL LAW—*Instructions*. When the only error in an instruction is favorable to defendant he cannot complain.

5. EMBEZZLEMENT—*Defenses—Return of Money*. The return of money embezzled is not a defense to the crime.

Appeal from Ford district court; LITTLETON M. DAY, judge. Opinion filed March 6, 1926. Affirmed.

*John W. Davis*, of Greensburg, *Carl Van Riper* and *E. C. Minner*, both of Dodge City, for the appellant.

*Charles B. Griffith*, attorney-general, *C. A. Burnett*, assistant attorney-general, and *J. D. Beck*, county attorney, for the appellee; *O. G. Underwood*, of Greensburg, of counsel.

The opinion of the court was delivered by

HARVEY, J.: This is the appeal of Henry W. Wacker from a conviction and sentence upon the charge of embezzling, misapplying and abstracting funds of the Home State Bank of Greensburg, of which he was president. The information contained five counts,

Banks and Banking, 7 C. J. p. 628 n. 93, 94; 31 A. L. R. 472; 3 R. C. L. 519. Criminal Law, 17 C. J. p. 359 n. 64. Embezzlement, 20 C. J. pp. 450 n. 94, 455 n. 40, 467 n. 14, 472 n. 49; 52 L. R. A. n. s. 1023; 9 R. C. L. 1298; 3 R. C. L. 507.

three of which were dismissed before final submission to the jury. Of the two submitted, defendant was found not guilty on count one, and guilty on count two, which charged:

"That on the 25th day of July, 1923, in Kiowa county, in the state of Kansas, one Henry W. Wacker, then and there being the president of the Home State Bank, a banking corporation of the city of Greensburg, Kiowa county, Kansas, did then and there draw his personal check in the sum of ten thousand ninety-three and 75/100 dollars ($10,093.75) on the Home State Bank of Greensburg, Kan., in favor and payable to the Warren Mortgage Company of Emporia, Kan., and that said check is in words and figures as follows: [A copy of the check is set out.]

"And that on July 28, 1923, when said check was returned to the said the Home State Bank for payment the said Henry W. Wacker caused said check to be paid out of a certain account then carried in said bank to the credit of 'Greenleaf & Kirby Loan Acc't,' he the said Henry W. Wacker not having sufficient funds of his own with which to pay said check, and well knowing the facts in the premises, and did in the manner and form aforesaid convert to his own use and embezzle, misapply and abstract the said funds belonging to said account and to said bank, with the intent then and there to defraud, injure and deceive the Home State Bank, its officers and agents, contrary," etc.

Defendant filed a motion to quash this count of the information. This motion was overruled.

The evidence on behalf of the state pertaining to the count upon which the conviction was had is substantially as follows: The bank was organized in 1906. Defendant became its president and active managing officer about 1920, and continued to hold that position until the bank failed and was taken charge of by the bank commissioner October 10, 1923. Mr. J. W. Greenleaf, a ranch owner of Kiowa county, was indebted to Robert W. Kirby of Urbana, Ohio, in the sum of $20,000, evidenced by a note and secured by a mortgage on his real property. This mortgage being due, and some interest having accumulated, in January, 1923, Harry Kirby, representing the mortgagee, went to Greensburg and had an understanding with Mr. Greenleaf about the payment of this loan, which contemplated that Mr. Greenleaf would get a new loan on the land from the Kansas City Joint Stock Land Bank, and the Kirby mortgage with interest was to be released upon the payment of $21,000. Mr. Wacker was local agent for the Land Bank and took Mr. Greenleaf's application for a loan, which was approved in the sum of $25,000. Before the requirements upon the abstracts were fully complied with, the Land Bank sent Mr. Wacker the sum of $20,000 to be used in paying the Kirby mortgage and other prior

liens. This remittance was received by Mr. Wacker March 29, 1923, and by him deposited in the Home State Bank in a separate account opened for that purpose, under the name of Greenleaf-Kirby loan account. None of this money was used to pay the Kirby loan. On July 2, 1923, the Kirby note and mortgage, with release thereon, having been sent to the Home State Bank, with draft for $21,000 to be paid upon their delvery, Mr. Wacker had the release recorded, but did not pay the draft.

It was Mr. Greenleaf's plan to take up the Kirby loan with the $20,000 remittance of the Land Bank of March 29, and $1,000 he was to get from K. Weir.

Mr. J. T. Hardy, having purchased land in Kiowa county, which was mortgaged to the Warren Mortgage Company of Emporia, on July 12, 1923, gave Mr. Walker his check for $10,093.75 to pay that mortgage. This land purchased by Hardy was no part of the Greenleaf land, and the check here mentioned had nothing to do with the Greenleaf-Kirby loan. Mr. Wacker deposited this check to his credit in his own personal account at the Home State Bank. On July 25, 1923, Mr. Wacker executed his personal check payable to the Warren Mortgage Company for $10,093.75, and sent it to that company to pay the loan it held on the land purchased by Hardy. This is the check set out in count two of the information. This check was received by the Warren Mortgage Company and cleared in the usual manner. It reached the Home State Bank, for payment, with other items from its Kansas City correspondent, July 28. On that date Mr. Wacker's personal account showed a balance to his credit of $3,810.78, which was not sufficient to pay this check. The assistant cashier, Mr. Brown, took the check to Mr. Wacker and asked what he should do with it. Mr. Wacker, after examining the ledger accounts of the bank, told Mr. Brown to pay it and charge it to Greenleaf-Kirby loan account. It was so charged and paid.

On October 9, 1923, Mr. Wacker made a deposit slip showing a deposit of $5,600 to the Greenleaf-Kirby loan account, which was credited to that account October 10. Included in this was a check of K. Weir for $1,000. On October 10, Mr. Wacker made a deposit slip showing a deposit of $4,900 to the Greenleaf-Kirby loan account. This slip was on the file when the bank commissioner took charge of the bank, the same day, and was later credited to that account. This included a $1,000 check of Dan Imthurn to Mr.

Wacker in part payment of cattle. After the bank failed, payment was stopped on this check and it was charged back to the account.

It is contended that the information is fatally defective in that it did not state the character of the bailment; that if Wacker was the owner of the money he could not be convicted of embezzling it; if he was a bailee of the money, the character of the bailment should have been set out; and upon this point *State v. Griffith,* 45 Kan. 142, 25 Pac. 616, is relied upon. Concerning that case it is said, in *State v. Johnson,* 109 Kan. 239, 241, 199 Pac. 104:

"The rule of that case is founded upon the generality of the term bailee and the different kinds of responsibility that may grow out of that relationship; it has no application where the embezzlement is charged to have been committed by an officer of a corporation."

The accuracy of the rule announced in *State v. Griffith,* supra, is debatable at the best (see 20 C. J. 473, 474, and cases there cited), and where the party charged with embezzlement is a bailee, the rule should be applied only when a statement of the specific character of the bailment is important properly to inform the defendant of the nature of the charge in order that he may have his defense. However, the reasoning by which it is sought to apply the rule announced in *State v. Griffith,* supra, is unsound; for, if Wacker was not the owner of this money it does not necessarily follow that he was bailee of it. He was not, of course, the owner of it at any time. It originally belonged to the Land Bank and was sent to Wacker to be used in paying the Kirby loan. When it was deposited in the bank, the ownership of the money so deposited passed to the bank, and the bank thereby became indebted to the party lawfully entitled to withdraw it. (See 3 R. C. L. 519; 7 C. J. 628, and citations.) By the making of the deposit the relation of debtor and creditor was created between the bank, on the one hand, and the party lawfully entitled to withdraw the money, on the other; whether that was the Land Bank, Greenleaf, or Kirby. The bank was the owner of the money and the custodian of it; Mr. Wacker was neither of these; neither was he the person lawfully entitled to withdraw it, unless he did so as the agent or representative of one lawfully entitled thereto. Hence, Wacker was not bailee of the money after the deposit was made, and there could have been no specific statement in the information of the character of the bailment. In the above analysis we have not considered the possibility of the deposit as made creating the relation of trustee and *cestui que trust,* but if

that relation were created the bank, as trustee, had title to the money deposited, and Wacker had no authority to use it for a purpose not consistent with the trust.

It is argued that the information is defective in not sufficiently describing the corporate character of the Home State Bank. Upon this point *The People v. Brander*, 244 Ill. 26, is relied upon. In that case the indictment charged accused as agent in the employ of "American Express Company, an association," with embezzlement of the money of the company. It was held that the indictment was bad for not alleging ownership of the money in any person, or any corporation, joint-stock company, or other entity which could legally own property, because of the indefinite meaning of the word "association." Here the bank is described as "The Home State Bank, a banking corporation of Greensburg, Kiowa county, Kansas," thus describing an entity legally capable of owning property.

It is contended that the statute, R. S. 9-140, applies only to bank officers who by virtue of their office embezzle the money, funds, credits or securities of the bank; that the check drawn by Wacker, which forms the basis of the charge against him, was not drawn as an officer of the bank, but as a private individual; hence, there can be no liability. This contention cannot be sustained. The drawing of the check, alone, did not constitute the offense; it was the paying of the check, drawn by Wacker on his private account, out of the Greenleaf-Kirby loan account. This was done, as shown by the evidence, at the specific direction of Wacker, as president of the bank, hence he did use his position as president of the bank to accomplish the offense.

It is argued that the evidence did not justify the giving of the following instruction:

"You are further instructed that if you find and believe from the evidence in this case beyond a reasonable doubt that at all times charged in the second count of the information that the said the Home State Bank of Greensburg, Kan., was a banking corporation and organized and incorporated under and by virtue of the laws of the state of Kansas, and engaged in a general banking business in the city of Greensburg, Kiowa county, Kansas, and that Henry W. Wacker, the defendant herein, was at all times herein charged the duly elected, qualified and acting president and officer of said bank in said county and state, and if you shall further find and believe from the evidence in this case beyond a reasonable doubt that the defendant, Henry W. Wacker, on or about the 27th day of March, 1923, deposited in said the Home State Bank the sum of $20,000 in an account designated as the Greenleaf-Kirby

loan account on the books of said bank, which said sum was to be paid to Robert W. Kirby upon the completion of a loan on the Greenleaf land and which said sum was then and there on deposit in said bank and constituted and was a part of the moneys, funds and credits of said bank; and if you further find and believe from the evidence in this case beyond a reasonable doubt that on or about the 25th day of July, 1923, Henry W. Wacker made a certain check payable to the Warren Mortgage Company, drawn on the -Home State Bank of Greensburg, Kan., for the sum of $10,093.75; that when the same was received by said bank for payment that the said Henry W. Wacker did on or about the 28th day of July, 1923, in the county of Kiowa and state of Kansas, direct or cause the employees of said bank to charge the said check to the said Greenleaf-Kirby loan account, and that said check was by said employees charged to said account and deducted from said account and was paid by said the Home State Bank with the knowledge and consent of the said Henry W. Wacker and said funds so drawn were converted to his own use and embezzled, abstracted or misapplied by the said Henry W. Wacker, with the intent to defraud, injure and deceive the Home State Bank, its officers and agents, then in that event it would be your duty to find the defendant, Henry W. Wacker, guilty of embezzling and willfully misapplying the funds and credits of said bank as charged in the second count of the information. On the other hand, if you do not so find from the evidence in this case beyond a reasonable doubt, then and in that event it would be your duty to find the defendant, Henry W. Wacker, not guilty as charged in the second count of the information."

We discern but one error in this instruction—the court should have told the jury that the money deposited in the bank, in the Greenleaf-Kirby loan account, became the property of the bank and constituted and was a part of the moneys, funds and credits of the bank, instead of leaving it to the jury to so find, but the error in this respect was favorable to defendant and of it he cannot complain. In other respects the instruction was justified by the evidence, the substance of which has been previously stated.

Lastly it is argued, even if defendant wrongfully directed his $10,093.75 check to be paid and charged to the Greenleaf-Kirby loan account, he replaced the money so taken by the deposits made in October. This argument is of no avail for two reasons: (1) The sums replaced were less than the amount wrongfully taken; and (2), a return of money embezzled is not a defense to the crime. (9 R. C. L. 1298; 20 C. J. 455; State v. Pratt, 114 Kan. 660, 220 Pac. 505.)

Finding no error in the record, the judgment of the court below is affirmed.