PEOPLE OF PUERTO RICO, Plaintiff and Appellant, *v.* AUGUSTO SAAVEDRA RIQUELME, Defendant and Appellee.

No. 4171. Argued November 20, 1930.—Decided June 2, 1931.

R. A. Gómez for appellant.  M. A. Martínez Dávila and L. Llorens Torres for appellee.

Mr. Justice Aldrey delivered the opinion of the Court.

The district attorney took the present appeal because the District Court of Aguadilla ordered the dismissal without prejudice and the setting aside of the information against the appellee for failure to allege therein in a clear manner the fiduciary relation of the defendant as bailee.

The pertinent part of the information is as follows:

"The district attorney files this information against Augusto Saavedra Riquelme for embezzlement, a felony, committed as follows: The said defendant, Augusto Saavedra Riquelme, prior to the filing of this information, to wit, in or about the month of November, 1929, and within the municipal district of Aguadilla, which is a part of the judicial district of Aguadilla, P. R., then and there said defendant, Augusto Saavedra Riquelme, while acting in the capacity of agent and bailee of the sum of nine thousand five hundred dollars ($9,500) belonging to the spouses Adolfo Saavedra Solá and Victoria Feliciano, which sum was destined for the exclusive use of said Adolfo Saavedra Solá and Victoria Feliciano, then and there the said defendant, Augusto Saavedra Riquelme, with knowledge that his duties and obligations as such bailee of said sum of money required him to deposit, keep, and disburse said money subject to the order and under the direction of said Adolfo Saavedra Solá and Victoria Feliciano, in violation of his duties and obligations as such bailee, maliciously, wilfully, and fraudulently appropriated to himself, disposed, and applied to purposes other than those pertaining to the proper and lawful discharge of his trust, the sum of $1,011.10 which said Augusto Saavedra Riquelme appropriated for his own use and benefit, defrauding thereof the said spouses, Adolfo Saavedra Solá and Victoria Feliciano."

According to section 445 of the Penal Code, embezzlement is the fraudulent appropriation of property by a person to whom it has been intrusted. The distinctive and essential element of this offense is that the property came into the pos-

session of the person who appropriates it because of the trust put by another person in him and therefore such fiduciary relation should clearly appear from the information, although the particulars of the relation need not be stated. 9 R.C.L. 1288.

In the case before us the information states that the accused had acted in the capacity of agent and bailee of the sum of $9,500 belonging to the Saavedra spouses and destined for their exclusive use; that it was the defendant's duty to deposit, keep, and disburse the said money subject to the order and under the direction of the said spouses. It also states that the accused appropriated to himself the sum of $1,011.10, but it fails to set forth the fiduciary relation between the accused and another person, since it does not state who deposited the money with him, whether it was that married couple or somebody else, because although it avers that the money belonged to said spouses it fails to state that they had delivered it to him to be kept at their disposal, or to specify who had handed the money to him to be kept at the disposal of the said spouses. The fiduciary relation between a person and the defendant must clearly appear from the information. It must be stated who handed the money to the accused. *State* v. *Griffith,* 45 Kan. 142, 25 P. 616, cited in 20 C. J. 472, note 49. The cases of *People* v. *Alomar,* 10 P.R.R. 282; *People* v. *Kent,* 10 P.R.R. 325; *People* v. *García,* 11 P.R.R. 341, and *People* v. *Pérez,* 39 P. R.R. 776, cited by the district attorney in support of his appeal, are not in point, as in all of these cases the person who had reposed confidence in the defendant was clearly stated.

The order appealed from must be affirmed.

Mr. Chief Justice del Toro dissented.