## EMORY WORLD *vs.* THE STATE OF MARYLAND.

*Construction of the Act of 1864, ch. 38, for the Punishment of Common Thieves or Pickpockets—What Evidence admissible on an Indictment for being a Common Thief—Limitation to prosecutions under this Act.*

The Act of 1864, ch. 38, provides, that "any evidence of facts or reputation proving that"—a person indicted under that Act for being a common thief —"is habitually and by practice a thief, shall be sufficient for his conviction, if satisfactorily establishing the fact." To justify the conviction of a party of the offence created by the Act, there must be proof of either facts or reputation, sufficient to satisfy the jury that the party accused is by practice and habit a thief.

The offence is a misdemeanor, and it must be prosecuted within one year from the time of its commission. It is necessary to justify a conviction that the proof should establish the fact, that the accused was a "common thief" within one year before the prosecution was begun.

The record of the conviction of the accused of the larceny of a watch, within a year before the prosecution was begun, is a link in the chain of evidence admissible *per se*, as tending to prove the issue; its legal effect is a question for the jury to determine.

Evidence of the reputation of the accused commencing more than a year before the indictment was found, is admissible. Reputation is but a single fact, and the whole may be given in evidence; but such evidence would not of itself justify a conviction unless followed up with proof that such reputation continued, and was borne by the accused within a year before the indictment was found. Evidence of reputation and character is admissible, as character and reputation are synonymous terms.

The record of the conviction of the accused for winning a watch by a fraudulent trick at cards, is not legal and admissible evidence on an indictment for being a common thief, even if the conviction had taken place within the year.

The Act of 1864, ch. 38, being a criminal law, must be strictly construed.

4                    v. 50.

World *vs.* State.

APPEAL from the Criminal Court of Baltimore.

The facts of the case are stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, GRASON, MILLER, ALVEY and ROBINSON, J., for the appellant, and submitted for the appellee.

*Louis Hochheimer,* for the appellant.

The Court below erred in allowing the larceny of a watch to be given in evidence. The point of inquiry under the indictment is, whether or not the appellant is a "*common thief.*" The evidence authorized by the statute creating the offence is, "any evidence of facts or reputation *proving* that such person is *habitually and by practice* a thief."

The fact that a person has stolen, affords no reasonable inference that he makes a habit and practice of stealing; a single act of larceny should not be admitted to prove a habit and practice of stealing. ˙ This offence, in the respect named, is analogous to the offence of being a "common barrator," or the statutory offence, under the law of some States, of being a "common drunkard." 2 *Bish. Cr. L.,* (5th Ed.,) sec. 65; *Bish. Stat. Cr.,* sec. 970.

It is no answer to the foregoing proposition to say that, while an act of larceny does not tend to prove a habit and practice of stealing, it yet is proper evidence to go to the jury as a relevant fact, to be considered in connection with other testimony in arriving at a verdict.

There was error in admitting in evidence the fact of the conviction of the appellant on the charge of winning a watch by a fraudulent trick at gaming. The fact that a person has been guilty of a fraudulent trick at cards, is no evidence of his being a thief. In the legal acceptation of the word, thief means "one who has been guilty larceny or theft." (*Bouv. L. D.*)

Whenever evidence of other criminal acts than that charged in the indictment is allowed by the authorities, it is only in those cases where such evidence tends to prove the *scienter;* but such evidence is never admissible to prove the *quo animo.* 3 *Russ. on Cr.,* (9*th Am. Ed.,*) 278; *Shaffner vs. Comm.,* 72 *Pa. St.,* 65; *Walker's Case,* 1 *Leigh,* (*Va.,*) 578.

In allowing a conviction to be given in evidence which took place on 20th October, 1875; and in allowing a witness to speak as to the character and reputation borne by the appellant at a time more than a year prior to the beginning of the prosecution in this case, the Court below allowed evidence inadmissible under the Statute of Limitations. Reputation, it is true, is a matter of evidence, which, from its nature, cannot well be limited to a particular period of time; and if a witness speaks as to the prisoner's reputation during the period allowed by the Statute of Limitations for the prosecution of the offence, and that reputation is one which had dated or originated from a period of time prior to that allowed by law, the reputation during the whole period forms but *one fact,* and the whole may well be given in evidence.

Where a witness professes ignorance of the reputation during the period allowed for the prosecution, he cannot be allowed to testify to the reputation before that period, as an isolated fact. Reputation prior to the time within which the prosecution must be begun, can only be allowed in evidence in cases where it forms a part of certain entire evidence, of which reputation, subsequent to such period, constitutes another portion; and the two. are inseparable, constituting one and the same reputation extending over two (consecutive) periods of time. Reputation under this Act is a *fact,* constituting proof of the *guilt* of the prisoner. It must be treated like other facts constituting an element of guilt, and not like evidence of reputation, to impeach the credibility of a witness. The Statute of Limi-

tations in criminal cases, is not a rule of pleading as in civil cases, but a rule of *evidence*. "The statute is not a statute of process, to be scantily and grudgingly applied, but an amnesty, declaring that after a certain time oblivion shall be cast over the offence." *Code, Art.* 57, *sec.* 10; 1 *Whart. Cr. L.,* (7th *Ed.,*) *secs.* 444–5; *R. vs. Phillips, Russ. & R.,* 369; *U. S. vs. Smith,* 4 *Day,* 121; *Comm. vs. Ruffner,* 28 *Pa. St.,* 259.

The statute simply speaks of evidence of reputation. The Court below allowed evidence of reputation *and character.* Even where character is in issue, the question to be asked the witness is, what is the reputation, not what is the character of such a person? 1 *Taylor Ev., sec.* 49; 2 *Ibid, sec.* 1324.

In a case like this, "where the offence consists of a series of acts, which, taken together, constitutes a criminal practice or occupation, *time* enters into the essence of the offence, fixes its identity, and is a material element in its description." The proof, therefore, should have been confined to acts done within the time charged in the indictment, apart from the Statute of Limitations. *Comm. vs. Foley,* 99 *Mass.,* 499; *Comm. vs. Adams,* 4 *Gray,* 28; *Comm. vs. Elwell,* 1 *Gray,* 463; *Comm. vs. Briggs,* 11 *Met.,* 573.

*Charles J. M. Gwinn, Attorney-General,* for the appellee.

The record of the judgment of conviction of the appellant in the Criminal Court of Baltimore, on October 20th, 1875, for winning a watch by a fraudulent trick at gaming, though offered in evidence in the lower Court, is not set forth as it should have been in the record before this Court. In the absence of such record, it must be assumed that the Court below acted properly. *Burtles vs. State,* 4 *Md.,* 278; *McTavish vs. Carroll,* 17 *Md.,* 7; *Scott vs. Scott,* 17 *Md.,* 90; *Hollowell & Co. vs. Miller,* 17 *Md.,* 308. We must, therefore, conclude the owner of the watch was induced to

World *vs.* State.

part with its possession while still retaining the right of property in it; and that, therefore, the taking amounted to larceny. 2 *Russell on Crimes,* (*9th Am. Ed.,*) 200, 201.

The record of the judgment of conviction of the appellant in the same Court, on March 8th, 1877, for the larceny of a silver watch, is not set forth as it ought to have been in this record. In the absence of such record, it must be assumed that the Court below acted properly.

The judgment entered in any cause, though pronounced or awarded by the Court, is not its determination or sentence, but is the determination and sentence of the law. It is the conclusion which naturally and regularly follows from the premises of law and fact; and it rests upon every preceding part of the record, which is a necessary premise of law or fact to the conclusion reached by such judgment.

The records of the judgments of the Criminal Court of Baltimore, in the cases referred to in the offer of evidence made by the State, must, therefore, be assumed to have been full and sufficient records of those premises of law and fact, without which such judgments had no existence.

The testimony of the police officer was evidence of a reputation that the traverser was an habitual thief at a period covered by the indictment; and was evidence upon which the jury could rest its verdict.

The Act of 1864, ch. 38, does not make it necessary that evidence should be offered which ought to satisfy the general judgment. The Act simply provides that any evidence, either of facts or reputation, proving that a person is, habitually and by practice, a thief or pickpocket, shall be sufficient for his conviction, if it satisfactorily establishes the fact to the Court or jury by which such accused person is tried. In this particular case, the proof satisfied the jury. There was no motion made for a new trial. The Court did not set aside the verdict, and was, it must be presumed, also satisfied that the evidence established the fact.

GRASON, J., delivered the opinion of the Court.

The appellant was indicted in the Criminal Court of Baltimore on the 30th day of November, 1877, and the indictment contained two counts; the first charging that the appellant was a "a common thief" on the 17th day of November, 1877, and the second, that he was a "common thief" at said city on the 17th day of November, 1876, and from that day to the day of finding the indictment.

At the trial, the State offered in evidence a record of the conviction of the appellant in said Court on the 8th day of March, 1877, of the larceny of a silver watch and also the record of his conviction in the same Court on the 20th day of October, 1875, of having jointly with two other parties, won a watch by a fraudulent trick at cards.

The appellant, by his counsel, objected to the admissibility of these two records as evidence, but the Court overruled the objection and admitted the evidence, and the appellant excepted.

The State then proved by a police officer, the only witness who testified in the case, that the appellant had formerly lived in his police district, and that the witness had known him from 1869 until he left witness' district about a year or eighteen months before the trial, when witness. had lost sight of him and knew nothing of his reputation since; but that while he knew him his reputation and character was that of a common thief. This evidence was also objected to as inadmissible, but the objection was overruled and the evidence admitted, and an exception thereto was taken by the counsel of the accused.

The Act of Assembly, under which the appellant was indicted, provides that "any evidence of facts or reputation, proving that such person is habitually and by practice a thief, shall be sufficient for his conviction, if satisfactorily establishing the fact." In order to justify a conviction of a party of the offence created by the Act there must be proof of either facts, or reputation, sufficient to satisfy the jury that the party accused is by *practice* and

World *vs.* State.

*habit* a thief. The offence is but a misdemeanor, and it must therefore be prosecuted within one year from the time of its commission. It is necessary, in order to justify a conviction, that the proof should establish the fact that the accused was a "common thief" within one year before the prosecution was begun, and therefore evidence of *acts of larceny*, committed more than a year before the indictment was found, would not be admissible. Though the conviction of the accused of the larceny of a watch was within a year before this prosecution was begun, it was contended that standing alone, it was not sufficient to prove that the accused was by *habit* and *practice* a thief, and that it was not admissible unless connected with an offer to follow it up with other proof to the same point, and that, as no such offer was made, the Criminal Court erred in admitting it. It did not matter that the record of the conviction of the accused, of larceny in 1877, did not prove the whole issue. The Court had no right to require the State's Attorney to disclose in advance what other proof he intended to offer. While the record of conviction was not of itself legally sufficient to convict, it was a link in the chain of evidence admissible *per se* when offered, as tending to prove the issue. Its legal effect was a question for the jury to determine, they being under our Constitution, the judges of the *law* and the *facts* in criminal cases. So also with respect to the objection to the evidence of the reputation of the accused, as given by the police officer. Reputation is but a single fact, and the whole may be given in evidence, commencing at a period more than a year before the indictment was found. The reputation which the accused bore at a time more than a year before the indictment, was admissible though it would not of itself justify a conviction, unless followed up with proof that such reputation continued, and was borne by the accused within a year before the indictment was found.

There was no error in admitting either the record of the conviction of the accused of the crime of larceny in

1877, or the testimony of the police officer as to the reputation and character of the accused during the time the witness knew him.  It was further contended that the evidence of the police officer was inadmissible, because it related to the *character* of the accused, instead of being confined to his *reputation.*  Character and reputation are synonymous terms, and we can see no objection to the evidence introduced, that the character and reputation of the accused was that of a "common thief" during the time the witness knew him.

We are of opinion, however, that there was error in admitting the record of the conviction of the accused for winning a watch by a fraudulent trick at cards in October, 1875.   The statute under which the accused was indicted is a criminal law, and like all other criminal laws, must be strictly construed.   It authorizes evidence of acts or reputation to be introduced in all prosecutions under it.   The acts mentioned in the statute and by it made legal evidence are only such acts as tend to prove the crime created, and must consequently be acts of stealing and thieving.   The record referred to was a record of the conviction of the accused of the offence of having won a watch by a fraudulent trick at cards, and not of stealing.   It was therefore not legal and admissible evidence on an indictment for being a "common thief," even if the conviction had taken place within the year.   But besides this, even if otherwise admissible, the record shows that the conviction took place in October, 1875, more than two years before this prosecution was begun, and for this reason also it was inadmissible.   The ruling of the Criminal Court in admitting this record in evidence, will be reversed and the cause remanded for a new trial.

*Rulings affirmed in part, and*
*reversed in part, and*
*a new trial awarded.*

(Decided 24th July, 1878.)