MILTON ROYSTER *v.* STATE OF MARYLAND

[No. 201, September Term, 1967.]

*Decided April 4, 1968.*

The cause was argued before MURPHY, C. J., and ANDER-SON, MORTON, ORTH, and THOMPSON, JJ.

*Joseph Burke* for appellant.

*William B. Whiteford, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *John H. Lewin, Jr., Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

The Appellant, Milton Royster, was convicted of being a common thief under Md. Code, Art. 27, Sec. 558, by Judge Thomas J. Kenney, sitting without a jury in the Criminal Court of Baltimore and sentenced to three years under the jurisdiction of the Department of Correction.

In this appeal, the sole question is whether the evidence was legally sufficient to sustain the conviction.

The record indicates that on the evening of April 17, 1967, a plain-clothes officer of the Baltimore City Police Department observed the Appellant closely following a woman who was carrying a pocketbook on her arm. Although the Appellant appeared to have his hands in the pockets of his trench coat, the officer observed a hand "come out between the coat," come to rest upon the woman's pocketbook and attempt to open it. The officer then observed the Appellant and the woman as they

boarded a bus where the Appellant again unsuccessfully attempted to open the woman's pocketbook. As the woman deposited her fare into the box, the Appellant left the bus and was immediately arrested by the officer.

The Appellant testified in his own behalf, and denied attempting to open the woman's pocketbook. He admitted, on direct examination, that in October 1966 he had been convicted of the larceny of a wallet and that in 1965 he had been convicted of shoplifting and in 1964 had been convicted of assault with intent to rob.

Article 27, Section 558, the statute under which the Appellant was convicted provides, in part:

> "It shall be the duty of all police officers and detectives in Baltimore City to arrest * * * all persons whom they shall find in Baltimore City or upon any train, boat, car or other vehicle commonly used for the transportation of passengers * * * who they shall know or have good reason to believe are common thieves or pickpockets, * * * and it shall be necessary to charge in the indictment only that the person is a common thief or common pickpocket, and any evidence, either of facts or reputation, proving that such person is habitually and by practice a thief or pickpocket, shall be sufficient for his conviction if satisfactorily establishing the fact to the court or jury by whom he is tried, * * *."

So far as we have been able to ascertain, the Act has been before the Court of Appeals of Maryland for construction in only two cases. The most recent was *State v. Cherry,* 224 Md. 144. There the lower court had dismissed an indictment brought under the Act on the ground that the statute was so vague and indefinite as to violate Article 23 of the Maryland Declaration of Rights and the Due Process Clause of the Fourteenth Amendment to the Federal Constitution. The State appealed and the lower court's action was reversed. Judge Prescott, (later Chief Judge) in speaking for the Court, found "that the word 'common' had at the time of the enactment of Section 558, and still has, a technical and well-established meaning in law, which,

with the remainder of the statute, fixes an ascertainable standard of guilt, rendering the act sufficiently definite, so that a person of ordinary intelligence will not be left in doubt as to the nature of the acts condemned."

The only other case, *World v. State*, 50 Md. 49, was decided in 1878 and there the Court of Appeals concluded that:

"In order to justify a conviction of a party of the offense created by the Act there must be proof of either facts, or reputation, sufficient to satisfy the jury that the party is by *practice* and *habit* a thief."

The Appellant filed a Motion for Judgment of Acquittal at the end of the State's case which was overruled. He thereupon took the stand and, of course, in doing so withdrew the Motion. Md. Rule 755 b. The history of the Appellant's convictions came into evidence as a part of his direct testimony. Because of the nature of the crime here involved—a common thief—the evidence of his prior convictions was substantive evidence reflecting upon his guilt or innocence of the charge, as contrasted with the situation where such evidence comes in on cross-examination for impeachment purposes, in which event it may not be considered in determining his guilt or innocence but only in assessing the credibility of his testimony. *Wethington v. State*, 3 Md. App. 237.

Accordingly, the court below had evidence before it of the two occasions of attempted theft observed by the police officer; the testimony of the Appellant on direct examination that he had been convicted of the larceny of a wallet in October, 1966; that he had been convicted of shoplifting in 1965; and that he had been convicted of assault with intent to rob in 1964.[1] We are of the opinion that this evidence constituted proof of facts legally sufficient to satisfy the trier of facts that the Appellant was by practice and habit a thief within the meaning of the statute.

---

1. The holding in *World, supra*, that since the crime is a misdemeanor evidence of previous convictions is limited to those committed within one year of the crime charged is not applicable here since there not only was no objection to their admission but they came in during the Appellant's direct examination.

As this Court has repeatedly stated, our function in reviewing the sufficiency of the evidence in a non-jury criminal case is not whether we might have reached a different result from that of the trial court, but whether the court below had sufficient evidence from which it could be fairly convinced, beyond a reasonable doubt, of the accused's guilt of the offense charged. The verdict will not be set aside on the evidence unless clearly erroneous, and due regard must be given to the opportunity of the trial court to judge the credibility of the witnesses. If the record shows any evidence, or proper inferences from the evidence upon which the trial court could properly have found the Appellant guilty, then its decision was not clearly erroneous. *O'Brien v. State,* 1 Md. App. 94; *Pachmayr v. State,* 1 Md. App. 270; *Howard v. State,* 1 Md. App. 379; *Sadler v. State,* 1 Md. App. 383; Md. Rule 1086.

Within the framework of the above principles we cannot say that the judgment of conviction by the lower court was clearly erroneous.

*Judgment affirmed.*