State v. Robinson.

---

No. 28,038.

THE STATE OF KANSAS, *Appellee*, v. JOHN L. ROBINSON, *Appellant*.

(263 Pac. 1081.)

### SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Change of Venue*. In a prosecution for embezzlement it is held, under the facts stated in the opinion, that it was not error to refuse to grant a change of venue.

2. INDICTMENT AND INFORMATION—*Necessity for Timely and Specific Objection*. Defendant moved to quash the information, but on the hearing of that motion pointed out no specific reason why the motion should be sustained. After the jury was sworn to try the case defendant objected to the introduction of evidence and raised a number of specific points as to defects or insufficiency of the information. *Held*, this practice is not to be commended. Any objections to the information should have been presented at the time of the hearing of the motion to quash. Further, *held*, the information was sufficient.

3. EMBEZZLEMENT—*Evidence—Other Similar Transactions*. In a prosecution for embezzlement the court may, in its discretion, permit evidence of other similar transactions for the purpose of showing the intent, when it is made clear to the jury the purpose for which such evidence is received.

4. EMBEZZLEMENT—*Sufficiency of Evidence*. A complaint that the evidence does not support the verdict is examined and found to be without merit.

Appeal from Neosho district court; SHELBY C. BROWN, judge. Opinion filed February 11, 1928. Affirmed.

*W. H. Anderson* and *G. M. Lamer*, both of Iola, for the appellant.

Criminal Law, 16 C. J. pp. 215 n. 13, 596 n. 59. Embezzlement, 20 C. J. p. 486 n. 60; 9 R. C. L. 1295. Indictments and Informations, 31 C. J. p. 798 n. 90; 14 R. C. L. 200.

State v. Robinson.

*William A. Smith,* attorney-general, *Hugo T. Wedell,* county attorney, and *T. R. Evans,* of Chanute, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal from a conviction of embezzlement. Defendant was the president and principal active officer of the Fidelity State Bank of Chanute from the time it was organized in 1915 until it was closed by the bank commissioner June 14, 1926. The information contained five counts. The first charged defendant with the embezzlement of United States government bonds of the value of $2,000, the property of the Masonic lodge of Chanute, which came into his hands as treasurer of such lodge. The second count charged him with the embezzlement of a note and mortgage for $5,000, the property of Mrs. E. R. Graves, which had been left with him for safe-keeping. The third count charged him with the embezzlement of $2,200 of the moneys of the estate of G. T. Shirley, deceased, which came into his hands as administrator of such estate. The fourth count charged him with the embezzlement of a note and mortgage for $500, the property of Mrs. E. R. Graves, which was placed with him for safe-keeping. The fifth count charged him with the embezzlement of United States government bonds of the value of $2,000, belonging to James Dulin, which had been left with him for safe-keeping.

It is first urged that the court erred in overruling defendant's motion for a change of venue. The Fidelity State Bank had about 3,100 depositors, most of whom resided in or near Chanute. It is argued that with so many persons in the county interested in the matter of the bank's affairs and its failure it would not be possible to get a fair jury in the county, and several affidavits were presented to that effect. Passing the question whether these affidavits were sufficient to have required, or even to have authorized, the court to grant a change of venue, the fact is that the case was tried at Erie, the county seat, some twenty miles from Chanute. The court left off the jury panel all persons living in or near Chanute. The result was there was no difficulty in getting a jury of persons qualified to sit. No juror was challenged for cause, and defendant did not exhaust his peremptory challenges. There is no complaint now that the jury, or any juror, was disqualified, nor that the jury was prejudiced by reason of the fact that the bank located at Chanute had failed. Hence, there is no merit in this contention.

It is next argued that the court should have sustained a motion to

quash the information and the several counts thereof. When this motion was called for hearing defendant's counsel did not point out any defect in the information, nor give any reason why the motion should be sustained. The court examined the information and each count thereof, could see nothing seriously wrong therein, and overruled the motion. Counts one and three were drawn under R. S. 21-545, and state sufficient facts to constitute offenses under that statute. Counts two, four and five were drawn under R. S. 21-547, and state facts sufficient to constitute offenses under that statute. They fully advised the defendant of the nature of the charge against him. Any defects or lack of clarity should have been pointed out. There was no error in this ruling.

After the jury had been impaneled and the opening statement made on behalf of the prosecution, and at the beginning of the introduction of evidence, defendant objected to the introduction of evidence, and then raised a number of points directed at the sufficiency of the information and the several counts thereof. This objection to the introduction of evidence was by the court considered and overruled. Complaint is made of that ruling. Since a motion to quash had been filed and considered, these objections to the information should have been made at that time. More than that, the points raised were not well taken. The property charged to have been embezzled was sufficiently described. The state was not required to charge that the owners of the property never eventually recovered it. (*State v. Wacker,* 120 Kan. 387, 392, 243 Pac. 1026, and authorities there cited.)

Appellant complains of the admission of evidence pertaining to other transactions than those charged in the information. Counsel for the state, in making his opening statement to the jury, after stating what the evidence would show as to each of the counts charged in the information, stated that the state would also offer evidence relating to other similar transactions, not for the purpose of showing the defendant's guilt in the transactions referred to, but for the purpose of showing his knowledge and method of doing business, and his intent in the transactions charged. Defendant objected to a statement concerning such other matters, and the court ruled that if the prosecution desired to introduce evidence with reference to those matters they should be stated in the opening statement; that such evidence could be used only for the purpose of showing knowledge, method of doing business, motive and intent, and would be limited to that purpose.

When the evidence was offered at the trial it was specifically stated to the jury, not once but repeatedly, the purpose for which the evidence was being offered, and the jury was at the time advised by the court that the evidence pertaining to these other transactions could not be used for any other purpose than that indicated. In the written instructions the jury was told that the evidence pertaining to these matters was for consideration only on the question of knowledge, purpose and intent of the defendant and to show his methods, the absence of accident or mistake in doing the business, and should not be considered in determining any other element of the offenses charged. At the time of stating these other transactions in the opening statement no contention was made on behalf of defendant that he was not prepared to meet evidence as to those matters, nor was any continuance asked for that purpose; neither was such a contention or request made when the evidence was offered at the trial.

While with five counts charged against defendant it would seem that the evidence pertaining to them should be sufficient to show knowledge, method of doing business, intent of the defendant and the lack of accident or mistake, without the necessity of introducing evidence as to additional similar transactions, we do not regard the admission of the evidence concerning additional transactions as being seriously erroneous in this case, for the reason they were similar in character to those charged. They did tend further to show knowledge, method of doing business and intent of the defendant. The purpose for which the evidence was offered was carefully guarded from the time of the opening statement to and including the instructions of the court, so there was no chance for the jury to be mistaken relative to the purpose of such testimony. The defendant never contended that he was surprised by the offer to introduce this additional evidence, or that he was not able to produce evidence to meet it, and no continuance was asked for that purpose. That such evidence is competent for the purpose for which it was received in this case has been frequently ruled in this court. (*State v. King,* 111 Kan. 140, 206 Pac. 883; *State v. Perkins,* 112 Kan. 458, 211 Pac. 139; *State v. Hays,* 113 Kan. 588, 215 Pac. 1109; *State v. Turner,* 114 Kan. 721, 220 Pac. 254; *State v. Crow,* 124 Kan. 55, 60, 257 Pac. 735.)

It is argued that defendant's demurrer to the evidence should have been sustained; that the evidence did not support the verdict. Aside

from the question of defendant's motive and intent, there is not much conflict in the evidence relating to the material questions in the case. The evidence on behalf of the state tended to show that defendant received the property from the persons named and for the purpose and in the capacity as described in the several counts of the information, and that defendant, later and without the authorization, consent, or knowledge of the owners of such property, transferred such property to the bank as a part of its assets, and personally took credit for the amount, value, or proceeds of such property and used the same for his personal benefit. Not only were those material facts established by evidence offered on behalf of the state, but they were admitted in a written statement made by defendant to one of the bank examiners a few days before the bank was closed, and were further testified to or admitted by him while testifying as a witness in this case. Hence, there is no necessity of summarizing that evidence here. In its final analysis the only material controverted question of fact in the case was defendant's motive, purpose or intent. This was fully tried out and the verdict of the jury is amply supported by the evidence of defendant's own acts.

When one embezzles money or property, the fact that he intends to restore it, or its value, to its owner is not a defense. (*State v. Pratt*, 114 Kan. 660, 220 Pac. 505; *State v. Wacker*, supra.) Hence, the fact that one or more of the owners of the property mentioned in the several counts of the information, by making a showing to the receiver of the bank, or bringing a suit against him, was able to recover his property, constitutes no defense to this action.

Complaint is made of instructions given and of the orders of the court in overruling a motion in arrest of judgment and a motion for a new trial. There was no error in these respects, and no point raised concerning them requires further discussion.

The judgment of the court below is affirmed.