No. 30,156.

THE STATE OF KANSAS, *Appellee*, v. C. J. HARPER, *Appellant*.

(22 P. 2d 454.)

Opinion filed June 10, 1933.

*James A. Conly, Joe Rogers,* both of Wichita, and *Eustace Smith,* of Hutchinson, for the appellant.

*Roland Boynton,* attorney-general, *R. O. Mason,* assistant attorney-general, *Max Wyman,* county attorney, and *John Fontron,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

THIELE, J.: The defendant was tried on an information containing four counts and charging commission of offenses denounced under chapter 140 of the Laws of 1929 (R. S. 1931 Supp. 17-1223 *et seq.*). He was found guilty on two counts: the second charging the sale of an unregistered security, and the third charging him with having sold such security without having first obtained a broker's license.

Appellant's abstract does not contain any specification of errors as required by rule 5 of this court. In his brief he discusses only the sufficiency of the testimony to sustain the verdict, the concluding paragraph of the brief containing the following:

"I simply believe that this testimony fails to show a sale, and that this man's conviction is wrongful. I could serve no purpose by citing a long line of authorities or quoting from the decisions of this court. There isn't any law question involved in it."

As to the conviction on the second count, an examination of the record shows that one Ella Teeters, previous to the sale complained of, owned some Cities Service Company stock which she traded for Roosevelt Chain Hotels Corporation stock and bonds; that de-

fendant met her, told her the Roosevelt bonds were apparently worthless, that the corporation wasn't going ahead with the construction of the hotel; that he was interested in a corporation to be organized to be known as the Tri-State Oil and Royalty Corporation, and he then took her Roosevelt bond and gave her in exchange a preorganization subscription receipt for 900 shares of the stock of the new corporation. A few days later, through another agent, she purchased an additional 100 shares and some time thereafter received a certificate for 1,000 shares in the North American Royalty Company, signed by Harper as president, it being explained that it was necessary to change the name of the corporation from the Tri-State Oil and Royalty Corporation to the North American Royalty Company. During the course of her testimony Mrs. Teeters became somewhat confused as to whether she delivered her Roosevelt bond or only the coupons from it to the defendant, but she finally testified she gave him the bond. The defendant, testifying in his own behalf, stated he didn't think he took her bond but might have. Based on his own version of the facts, defendant says there was no sale. The jury, by its verdict, has said the defendant did take the bond. A conviction on conflicting evidence will not be disturbed, though an acquittal might well have been had upon it, as on appeal the evidence must be viewed most favorably to the state. *State v. Ryan,* 71 Kan. 852, 80 Pac. 588; *State v. Lower,* 110 Kan. 669, 205 Pac. 364. And the evidence, which by its verdict it must be concluded the jury believed, sufficiently shows a sale as defined by chapter 140 of the Laws of 1929 (§ 1, ¶ 2).

Complaint is made because the court permitted two witnesses to testify as to sales to them. In the instructions the jury was advised that such testimony should be considered only for the purpose of showing identity of the accused and his motive, intent, lack of mistake and his plan or system of operation, and for no other reason. It may be observed that under the provisions of R. S. 1931 Supp. 17-1225 the act does not apply to an isolated sale, and the testimony was competent to show that the sale complained of was not an isolated one. Evidence of similar offenses has been held admissible to prove intention, inclination and tendencies in many cases heretofore decided. (See *State v. Ridgway,* 108 Kan. 734, 197 Pac. 199; *State v. King,* 111 Kan. 140, 206 Pac. 883; *State v. Smith,* 113 Kan. 737, 216 Pac. 302; *State v. Turner,* 114 Kan. 721, 220 Pac. 254; *State v. McReynolds,* 118 Kan. 356, 234 Pac. 975; *State v. Bisagno,*

121 Kan. 186, 246 Pac. 1001; *State v. Robinson*, 125 Kan. 365, 263 Pac. 1081; *State v. Reuter*, 126 Kan. 565, 268 Pac. 845; *State v. Dunkerton*, 128 Kan. 374, 278 Pac. 57, and the decisions and authorities cited therein.) Without repeating the various statements of the rule as to showing of similar offenses and the exceptions thereto, it is sufficient to say that such testimony as was admitted, considered with the instructions of the court, was not prejudicial to the defendant.

The matter of whether there was a sale or not settles also the conviction on the third count. It was admitted by the defendant that he had no broker's license to sell securities. The evidence shows that he acted as a broker, as defined in paragraph 8 of the original act (which paragraph has been amended by ch. 143, Laws 1931, since commission of the offense) without having qualified as therein provided.

No reason appears why the defendant did not have a fair and impartial trial, there is no error in the matters complained of, and the judgment of the lower court is affirmed.