No. 33,528

THE STATE OF KANSAS, *Appellee*, v. W. H. FRANCE, *Appellant*.

(72 P. 2d 1001)

Opinion filed November 6, 1937.

*Grey Dresie, John H. Gerety,* both of Wichita, and *Paul R. Wunsch,* of Kingman, for the appellant.

*Clarence V. Beck,* attorney general, and *Fred Hurd,* county attorney, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: This is an appeal from a conviction upon a charge of contempt.

On September 23, 1935, an injunction was issued by the district court of Kingman county restraining the defendant and other persons from maintaining a nuisance on certain premises in violation of the prohibitory law. A written accusation charging the defendant with contempt for violation of the injunction was filed by the county attorney, and a hearing was held before the district court on April 19, 1937.

The evidence showed that the sheriff with other officers raided the premises which the defendant occupied, where he operated a filling station and upon which there was a liquor injunction. Upon the approach of the officers, defendant became very active and ran into the house from the back way and upstairs, followed closely by the sheriff, who heard a crash of glass. In a room upstairs there was found broken glass resembling liquor bottles and a liquid on the floor having the odor of alcohol or liquor. In the search of the premises and buildings thereon about sixty pint and half pint bottles of intoxicating liquor were found in secreted places. The defendant exhibited signs of nervousness while the search was in progress and

upon discovery of liquor and, before he was arrested, wanted to arrange bond. Samples of the liquor were analyzed and found to be composed mostly of alcohol. The testimony of the witnesses and the sixty bottles and contents in evidence showed that it was all intoxicating liquor. None of this evidence was disputed.

Our statute, G. S. 1935, 21-2139, reads as follows:

"In all prosecutions, either under the state laws or under municipal ordinances, for maintaining a common nuisance as hereinbefore defined, the finding of intoxicating liquors in the possession of one not legally authorized to sell the same, shall be prima facie evidence that such liquors are kept for sale or use in violation of law."

The undisputed evidence showed a violation of the prohibitory law by the defendant on the premises covered by the injunction.

Defendant asserts the court erred in the admission of certain evidence. First, he complains that the state was permitted to show that the defendant had been convicted in 1927 in Reno county of the charge of having possession of intoxicating liquor. Evidence of similar offenses is admissible to prove intention, inclination and tendencies. (*State v. Reuter*, 126 Kan. 565, 268 P. 2d 845; *State v. Harper*, 137 Kan. 695, 22 P. 2d 454; 1 Wigmore on Evidence, §§ 300-367.) Mere remoteness of similar offenses affect the weight rather than the admissibility of the evidence. (*State v. Ridgway*, 108 Kan. 734, 197 Pac. 199.)

The state then offered in evidence a copy of the card record on file in the office of the collector of internal revenue, Wichita, Kan., listing the persons who had filed special tax returns of retail liquor dealers for the period from July 1, 1936, to June 30, 1937, showing a special tax stamp had been issued to W. H. France service station located five miles west of Kingman, Kan. The deputy collector in charge certified that the same was a true copy of the card record in the office of the collector of internal revenue. We think the certified copy of the record was admissible. (G. S. 1935, 60-2854; *Darcy v. McCarthy*, 35 Kan. 722, 12 Pac. 104; *State v. Schaeffer*, 74 Kan. 390, 86 Pac. 477; *State v. Railway Co.*, 96 Kan. 609, 152 Pac. 777.)

As we find no error in the record, the judgment is affirmed.