No. 38,637

STATE OF KANSAS, *Appellee,* v. MACEO THOMAS, *Appellant.*
(249 P. 2d 645)

Opinion filed November 8, 1952.

*Elisha Scott, John J. Scott,* and *Charles S. Scott,* all of Topeka, were on the briefs for the appellant.

*Harold R. Fatzer,* attorney general; *Doral H. Hawks,* county attorney, and *Edward Curry,* assistant county attorney, all of Topeka, were on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: Maseo Thomas, Erthel Grant and Timothy Brown were charged in the district court of Shawnee county in an information which contained two counts. The first count charged them with selling whisky at retail without having a license to sell alcoholic liquors at retail, in violation of our statute (G. S. 1949, 41-104). The second count charged them with maintaining a liquor nuisance in violation of our statute (G. S. 1949, 41-805). At the trial Erthel Grant testified for the state and the case was dismissed as to him. A jury trial resulted in a verdict of guilty against the defendants Thomas and Brown on both counts. Each was sentenced as authorized by law. Thomas alone has appealed.

Appellant first contends the court erred in permitting the state to endorse additional names of witnesses on the information at the commencement of the trial. Appellant has not abstracted any of the record pertaining to the endorsement of the names of additional witnesses on the information. This makes it impossible upon appellant's abstract for us to examine the question. (See, *State v. Lintner,* 141 Kan. 505, 41 P. 2d 1036.) The rule is well settled that the endorsement of additional names on the information at the beginning of the trial is a matter that is largely in the discretion of the trial court. (See, *State v. Atteberry,* 117 Kan. 650, 232 Pac. 1020; *State v. Thyer,* 143 Kan. 238, 53 P. 2d 907, and the many cases collected in Hatcher's Digest, Rev. Ed., Criminal Law, § 77.) However, the appellee by a counter abstract has furnished a part of the record pertaining to this question. From this it appears that when the case was called for trial defendant filed a motion to require the state to furnish a bill of particulars and also a motion to quash the information. Both motions were argued to the court and were denied. Counsel for the state then asked permission to endorse the names of nine witnesses on the information; one of these being an Erthel Grant, one of the defendants. Appellant objected. The court inquired of counsel for the state why the names had not previously been endorsed and in the colloquy between counsel and the court it developed that in an injunction suit involving the same

premises all or most of the witnesses had been called and had given testimony and that defendants had a transcript of their testimony, a fact which counsel for defendant admitted. It was also explained that the state had not determined until a day or two before the trial what witnesses would be used, and that a list of those had been furnished to counsel for defendant. The court offered to give counsel for defendant time to talk to the witnesses. Counsel for defendant declined the offer and requested a five days' continuance of the case, which was refused. From this partial record we cannot say that the trial court abused its discretion in permitting the names of the witnesses to be endorsed.

Appellant argues that the verdict is not sustained by sufficient evidence. The point is not well taken. The evidence was ample and positive. It was not contradicted in any way. Defendant offered no evidence. We see no purpose in setting it out in full.

Appellant argues the court erred in the wording of its instructions to the jury. Obviously, only a part of the instructions are set out in the abstract. The particular complaint is that the court did not give a special instruction on the weight to be given to the testimony of an accomplice or co-defendant. We are not sure that was not covered by the court's instruction given pertaining to the duties of the jury with respect to the weight that should be given to the testimony of witnesses. If that instruction was not complete as it should have been it was the duty of counsel for defendant to request a modification of it.

It is argued that the court improperly excluded certain evidence offered by defendant in the cross-examination of one of the witnesses. It is sufficient to say that the evidence alleged to have been improperly excluded was not offered upon the hearing of the motion for a new trial, as required by G. S. 1949, 60-3004, which is made applicable to criminal cases by G. S. 1949, 62-1414. (See, *State v. Bechtelheimer*, 151 Kan. 582, 584, 100 P. 2d 657.)

It is argued the court erred in admitting illegal and prejudicial testimony over appellant's objection. This contention appears to be based upon the theory that Grant was not a legal witness. The point is not well taken.

It is argued the court erred in overruling appellant's motion for a new trial. This is simply a reargument of the other questions in the case and the point is not well taken.

We find no error in the record. The judgment of the trial court is affirmed.