No. 44,038

STATE OF KANSAS, *Appellee,* v. ERVIN SYLVESTER WRIGHT, *Appellant.*

(398 P. 2d 339)

Opinion filed January 23, 1965.

*Charles D. Knapp,* of Coffeyville, argued the cause and was on the brief for the appellant.

*Monte K. Heasty,* Assistant County Attorney, argued the cause, and *William M. Ferguson,* Attorney General, and *B. D. Watson,* County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal from the district court of Montgomery County, Kansas, in a criminal action wherein the defendant was convicted by a jury on two counts of forgery in the second degree under G. S. 1949, 21-608 and 21-609.

The only question raised on appeal is whether the trial court erred in admitting evidence of prior convictions in the State's case in chief.

In the lower court Ervin Sylvester Wright (defendant-appellant) was charged in an information containing two counts of forgery

in the second degree, contrary to the provisions of 21-608 and 21-609, *supra.* In the first count he was charged with feloniously forging, and in the second with feloniously uttering, a check drawn on the First National Bank of Coffeyville, Kansas, on the 30th day of November, 1963. The check was made payable to Fred Morris and purportedly signed by Nerr Collins. The instrument contained the purported blank endorsement of Fred Morris and also an endorsement reading:

> "PAY TO THE ORDER
> OF
> FIRST NATIONAL BANK
> COFFEYVILLE, KANSAS
> FOR DEPOSIT ONLY
> KARBE'S COFFEYVILLE"

At the arraignment on the 6th day of April, 1964, counsel was appointed to represent the appellant and a plea of not guilty was entered to each of the counts. Subsequent to arraignment notice was served by the appellant upon the State that he intended to enter a plea of alibi, contending he was at Kansas City, Missouri, on the date in question, and expected to prove this fact by four witnesses who were endorsed on the notice.

Notice was also served by the State upon the appellant that in the event of his conviction an increased sentence would be requested pursuant to the provisions of G. S. 1949, 21-107a.

Trial was had on the 7th day of May, 1964, to a jury and the appellant was convicted. Subsequent to the trial a motion for a new trial was duly heard and overruled, and the appellant was sentenced to serve a term of fifteen years on each count for a third-time felony conviction, said sentences to run concurrently.

While the notice of appeal discloses the appellant perfected an appeal *pro se,* such appeal has been duly perfected, and the record discloses Charles D. Knapp represented the appellant both in the trial of the action and on appeal in this court. The motion for a new trial properly raised the only question urged by the appellant on appeal.

Briefly summarized, the evidence of the State consisted of the testimony of two employees of Karbe's Super Market, both of whom positively identified the appellant as the passer of the check in question at Karbe's Super Market on the 30th day of November, 1963. Nerr Collins, the purported maker of the check, testified that he did not make the check nor authorize anyone else to do so, and did not know anyone by the name of Fred Morris. He

further testified that he never had an account at the First National Bank of Coffeyville. An assistant cashier at the First National Bank of Coffeyville testified that the bank refused to pay the check when presented for payment because Nerr Collins was not a depositor at the bank.

Over objection evidence was introduced in the State's case in chief showing that in 1960 the appellant had been convicted of forgery in the second degree in the district court of Labette County, Kansas, in Case No. 1,646, entitled State of Kansas v. Ervin Sylvester Wright. A duly authenticated copy of the journal entry showing such conviction was introduced in evidence after being properly identified by a deputy clerk of the district court of Labette County. The deputy clerk testified that she was present at the time the case was determined in Parsons, Kansas, and identified the appellant sitting in the courtroom as Ervin Sylvester Wright— the party named in the journal entry.

The journal entry was read to the jury and disclosed that the appellant on the 15th day of April, 1960, entered a plea of guilty to each of two counts of forgery in the second degree in violation of G. S. 1949, 21-608; that the court accepted the pleas and sentenced the appellant to the Kansas State Penitentiary for a period of not less than two years nor more than twenty years on each count, said sentences to run concurrently.

In the instant case the appellant took the stand in the lower court to testify on his own behalf. He testified in substance that he was not in Coffeyville on the day in question; that he was last in Coffeyville in the month of October, 1963; that he was on parole from the Kansas State Penitentiary; that he did not write the check in question and first saw it at the preliminary hearing; that he did not know Nerr Collins, Fred Morris or the bank employees who testified in the State's case in chief.

On cross examination the appellant, among other things, testified he did not know where Karbe's grocery store was located; that he had forged checks before; that he did not know how many; that he had spent time in the penitentiary; that he got out of the Kansas State Penitentiary on a forgery charge on June 3, 1963, spending two years, two months and eleven days, being released on probation.

No further witnesses were called by the appellant in the defense of his case.

The State called a rebuttal witness who testified she saw the

appellant at a dance in Coffeyville on the night of November 29, 1963. She testified she knew the appellant a long time; that he lived in Parsons but used to come to Coffeyville often.

It is the appellant's contention that the evidence of prior convictions was introduced for the sole and only purpose of proving the appellant's "'disposition to commit crime . . . as the basis for an inference that he committed another crime . . . on another specified occasion' in direct violation of the general rule laid down in Section 60-455 of the Code of Civil Procedure."

The Code of Civil Procedure, Laws 1963, Ch. 303, § 60-455, reads:

"Subject to section 60-447 evidence that a person committed a crime or civil wrong on a specified occasion, is inadmissible to prove his disposition to commit crime or civil wrong as the basis for an inference that he committed another crime or civil wrong on another specified occasion *but*, subject to sections 60-445 and 60-448 *such evidence is admissible when relevant to prove some other material fact including motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.*" (Emphasis added.)

Chapter 303, Laws 1963, is commonly referred to as the new code of civil procedure, but it must be noted the *rules of evidence* incorporated therein (ARTICLE 4, RULES OF EVIDENCE) are designed to have application to every proceeding, both criminal and civil, conducted by or under the supervision of a court, in which evidence is produced, except to the extent to which they may be relaxed by other procedural rule or statute applicable to the specific situation. (Laws 1963, Ch. 303, § 60-402.)

The rule of evidence stated in 60-455, *supra*, as applied to criminal proceedings has not materially changed the case law as it has developed in Kansas prior to the enactment of 60-455, *supra*.

As early as the turn of the century the general rule was recognized that testimony as to the commission of offenses by a defendant in a criminal case, not in any way connected with that charged in the information, and which would tend to degrade and prejudice him, should be carefully excluded from the jury. (*State v. Kirby*, 62 Kan. 436, 63 Pac. 752.)

Exceptions, however, were recognized to the foregoing rule. It was held that evidence which legitimately tends to support the charge or show the intent with which it is committed is not to be excluded on the ground that it will prove other offenses. (*State v. Kirby*, supra.)

The general rule and the exceptions which developed have been repeatedly recognized and applied by many decisions of this court. (*State v. Stephenson*, 191 Kan. 424, 381 P. 2d 335; *State v. Myrick*,

181 Kan. 1056, 317 P. 2d 485; *State v. Fannan,* 167 Kan. 723, 207 P. 2d 1176; *State v. Owen,* 162 Kan. 255, 176 P. 2d 564; *State v. Marshall,* 152 Kan. 607, 106 P. 2d 688; *State v. Harper,* 137 Kan. 695, 22 P. 2d 454; *State v. Frizzell,* 132 Kan. 261, 295 Pac. 658; and *State v. Robinson,* 125 Kan. 365, 263 Pac. 1081.) In *State v. Stephenson,* supra, one of the most recent decisions prior to the enactment of the code, Syllabus ¶ 2 reads:

"The rule against the admissibility of evidence of other similar but independent offenses should always be strictly enforced, and to justify any departure therefrom the evidence should come under one of the well-recognized exceptions to the general rule, among which are identity of the person committing the offense, to prove *scienter* or guilty knowledge, to prove intent, to show inclination or motive, to prove plan, scheme or system of operation, and to rebut a special defense."

The sole contention advanced by the appellant in his brief for a reversal of the lower court is that the evidence of his prior convictions for forgery was not relevant under any of the exceptions to the general rule which makes such evidence inadmissible. The exceptions to which our attention must be directed are enumerated in the provisions of 60-455, *supra.* For convenience the portion of the statute setting forth the exceptions has been italicized.

In *State v. Stephenson,* supra, the appellant in the trial court asserted the defense of alibi, and in the opinion it was said:

"In the case at bar the county attorney prior to trial was served notice that the appellant intended to enter a plea of alibi at the trial of the case. It was therefore apparent the principal issue of fact in the case would be the matter of the identity of the person committing the offenses. . . ." (p. 430.)

One of the principal issues of fact in the instant case by reason of the appellant's plea of alibi concerned the identity of the person committing the offenses charged. Under 60-455, *supra,* evidence of other similar offenses would be admissible to prove identity of the person committing the offense. We hasten to add, however, evidence of similar offenses of forgery committed by the appellant would tend to prove other elements of the crimes as well.

An essential element of forgery in the second degree under both 21-608 and 21-609, *supra,* is an intent to defraud. Under 21-609, *supra,* a guilty knowledge is required. To constitute a criminal offense the passing of the forged instrument must have been with knowledge that it was forged. Furthermore, the act must have been done in the absence of mistake or accident.

In submitting the case to the jury the trial court instructed the jury:

"(INSTRUCTION)

No. 10.

"You are instructed that evidence has been introduced by the state tending to show that prior to the time alleged in the information and on another occasion, the defendant committed other acts and crimes similar to those charged in the information; and in this connection you are instructed that even if you believe such evidence and testimony to be true, it is not to be considered by you as any evidence of the guilt of the defendant of the offenses charged and that the same is insufficient to support a verdict of guilty. This evidence is received and is to be considered by you only for its value, if any, as circumstances bearing upon the question of the defendant's intent, knowledge, or absence of mistake or his identity as such matters relate and are relevant to the offenses charged. This evidence should be considered along with all the other evidence for that purpose only and should be disregarded for any other purpose."

In addition to the foregoing, the trial court at the time it admitted the evidence of prior similar offenses orally instructed the jury substantially in accordance with the foregoing written instruction, both of which were correct instructions under the law of this state and upon the evidence adduced at the trial.

Evidence of the appellant's previous convictions of forgery in the second degree by inference logically and naturally tend to establish various elements of forgery in the second degree which have been charged in both counts of the information. Under all of the facts and circumstances presented by the record on appeal in the instant case, evidence of prior convictions of the appellant for the crime of forgery in the second degree was relevant and properly admitted in the State's case in chief.

The appellant contends the journal entry disclosing prior convictions of the appellant at Parsons, Kansas, does not disclose when the acts were committed; that presumably they were committed prior to the judgment of conviction on April 15, 1960; and that by reason thereof they are hardly related in time to the offenses charged in the instant case—November 30, 1963.

It has been held that mere remoteness in time in cases of this type affects the weight to be given such evidence, rather than its admissibility. (*State v. Fannan,* supra, Syl. ¶ 3.) In this connection the jury was entitled to consider that a major portion of the time which lapsed between the prior convictions and the trial of the appellant in the instant case was spent by the appellant in the Kansas State Penitentiary.

The appellant argues the journal entry showing prior convictions of the appellant does not disclose exactly what offenses were committed by the appellant; that the provisions of G. S. 1949, 21-608 are sufficiently broad to encompass a number of offenses, all of which constitute forgery in the second degree.

While the county attorney in the prosecution of the case could have strengthened his case by showing specifically the facts upon which the appellant was convicted at a prior time, the appellant's argument is one which affects only the weight of the evidence and not its admissibility. The statute does not require that the evidence of prior convictions disclose the appellant committed offenses in the past which are identical in nature. It is sufficient if they are *similar* offenses. Prior acts committed in violation of 21-608, *supra*, pursuant to which the instant offenses are charged, are similar offenses.

The appellant having failed to make it affirmatively appear the trial court erred in any respect, the judgment of the lower court is affirmed.