No. 44,012

STATE OF KANSAS, *Appellee,* v. JAMES K. SHANNON, alias JAMES K. KELLY, *Appellant.*

(398 P. 2d 344)

Opinion filed January 23, 1965.

*A. H. Harding,* of Independence, argued the cause, and was on the briefs for the appellant.

*B. D. Watson,* county attorney, argued the cause, and *William M. Ferguson,* attorney general, and *Monte K. Heasty,* assistant county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: Defendant (appellant) James K. Shannon, alias James K. Kelly, was convicted on nine counts of an information of issuing insufficient fund checks each in an amount in excess of fifty dollars

in violation of the provisions of chapter 219, section 1, of the laws of 1963, and was sentenced to imprisonment in the Kansas State Penitentiary. From an order overruling his motion for a new trial, and the subsequent imposition of sentences, defendant has appealed. The facts insofar as pertinent to the questions raised on appeal are summarized.

The defendant, accompanied by his wife Ruth, moved to Coffeyville on February 9, 1964, and established a residence at a motel located in South Coffeyville, Oklahoma. On February 12 defendant went to the First National Bank of Coffeyville, Kansas, and opened a joint checking account with his wife by making a $200 cash deposit. At the time the account was opened the defendant gave the officer of the bank certain false information concerning his address and his employment. The bank, at defendant's request, made up a number of printed, or personalized, checks bearing the name of the defendant, James K. Shannon, and Ruth Shannon, his wife. Defendant deposited in this checking account sixty-five dollars in cash on February 17. On February 20 defendant deposited in this account two checks totaling $165 drawn on out-of-town banks. On February 21 he made a final deposit to this account of a check in the sum of $210 drawn on an out-of-town bank. The latter three checks were returned to the First National Bank unpaid and these amounts were credited back against defendant's checking account.

Most of the checks involved in the prosecution were written by defendant on February 21 and 22. The bank closed at 2:00 p. m. on the 21st, and remained closed during the week-end holidays. On Monday, the 24th, the bank, having discovered the out-of-town checks were uncollectible, rejected, due to insufficiency of funds, twenty to twenty-five checks drawn by the defendant on the account.

On March 18 the defendant was arrested upon a warrant charging him, under the provisions of the laws of 1963 aforementioned, with nine counts of feloniously issuing insufficient fund checks, which are the basis of this action. Defendant was given a preliminary hearing at the conclusion of which he was bound over to the district court of Montgomery county for trial.

The opening day of the April 1964 term defendant appeared for arraignment upon the nine counts of feloniously issuing insufficient fund checks, as set forth in the information filed by the county attorney. Defendant appearing without counsel and being indigent, the court appointed Jack L. Lively, a member of the Montgomery

County Bar, to represent defendant. Defendant then requested he be granted another preliminary hearing, contending that at the previous hearing he was not afforded counsel to represent him. The trial court, out of abundance of caution, granted defendant a second preliminary hearing and, sitting as examining magistrate, heard the evidence and bound the defendant over to the district court for trial.

Subsequently defendant appeared with his court-appointed counsel for trial and entered a plea of not guilty to the charges in the information. A jury was selected, evidence was introduced by the state and the defendant, at the conclusion of which the case was duly argued to the jury which returned its general verdict of guilty on each of the nine counts of the information.

From the overruling of his motion for a new trial defendant was sentenced to the Kansas State Penitentiary and costs were assessed against him. Execution on the judgment for costs was subsequently issued. A levy was made on defendant's funds in the hands of the sheriff, which funds were paid to the clerk of the court to apply on the costs assessed against defendant.

Defendant first contends the trial court erred in overruling his motion for a change of venue, or in the alternative, based upon defendant's affidavit that the trial court showed prejudice by remarks made at defendant's wife's preliminary hearing, should have disqualified itself.

The rule is well stated in *State v. Hendrix*, 188 Kan. 558, 363 P. 2d 522, where it was held, after reviewing our decisions:

"In a criminal action the mere belief on the part of the trial judge that the accused is guilty of the crime charged is not enough in itself to require a disqualification. The question is not whether the trial judge believes the accused guilty, but whether the trial judge can give him a fair trial." (Syl. ¶ 2.)

(See, also, *State v. Cole*, 136 Kan. 381, 15 P. 2d 452.) It was also stated in *State v. Tawney*, 81 Kan. 162, 105 Pac. 218, that a court is not compelled to grant a change of venue upon the affidavit of the defendant alleging prejudice of the judge, although no counter affidavit or proof is filed, where the judge is satisfied that his mind is free from prejudice and that the statements in the defendant's affidavit are without foundation. Other than those matters treated in this opinion there is no indication in the record, nor does the defendant contend, that the trial court failed to give him a fair and impartial trial. The record clearly discloses the court was very cautious at all stages of the proceedings in protecting the rights of the defendant.

Defendant next contends the nine insufficient fund checks the defendant admitted writing, which were the basis of the prosecution of the respective nine counts of the information, were improperly admitted into evidence inasmuch as chapter 219, section 4, of the laws of 1963 provides for a seven-day notice to the maker or drawer when the drawee has refused payment because of insufficient funds, and that the exhibits were inadmissible because he had not received notice that the checks had not been paid by the drawee bank nor was he offered an opportunity to make payment.

The defendant was .charged under the provisions of chapter 219, section 1, of the laws of 1963 which read:

"Any person, who with intent to defraud shall draw, make, utter, issue or deliver or cause or direct the making, drawing, uttering or delivering of any check, order or draft on any bank or depository for the payment of money or its equivalent, knowing, at the time of the making, drawing, uttering or delivery of any such check, order or draft as aforesaid that the maker or drawer has no deposit in or credits with such bank or depository or has not sufficient funds in, or credits with such bank or depository for the payment of such check, order or draft in full upon its presentation shall be deemed guilty of a crime and upon conviction shall be punished as provided in section 2 of this act."

The legislature, by means of this amendment, made intent to defraud a necessary element of the offense which was not an element of the offense in the previous statute (G. S. 1949, 21-554). (See, *State v. Avery,* 111 Kan. 588, 207 Pac. 838, 23 A. L. R. 453; *State v. Morris,* 190 Kan. 93, 96, 372 P. 2d 282.)

Chapter 219, Section 4, provides:

"In any prosecution under the insufficient fund check act against the maker, or drawer thereof the making, drawing, uttering or delivering of a check, draft or order, payment of which is refused by the drawee, shall be prima facie evidence of intent to defraud and of knowledge of insufficient funds in, or on deposit with, such bank or depository, providing such maker or drawer shall not have paid the holder thereof the amount due thereon, within seven days after receiving notice that such check, draft or order has not been paid by the drawee. . . ."

The. language of the last mentioned section sets forth a rule of evidence only and is permissive in nature. The state may establish a prima facie case of intent to defraud by showing that the seven-day notice, as provided by section 4, has been given to the drawer or maker where the drawee has refused to pay the check upon presentation because of insufficient funds, and should the drawer

or maker, after notice, fail to make payment within the period prescribed in the section, a presumption of intent to defraud arises. The state's other option is to prove the drawer's acts were done with intent to defraud the payee or endorser. In the instant case the state chose the latter method and was therefore required to prove the defendant's intent to defraud. The defendant has failed to cite, and our limited research has failed to disclose, any authority or historical basis to sustain his contention that the seven-day notice is a prerequisite to a prosecution for the crime charged under the provisions of section 1 of the act. Again it may be stated that section 1 defines and sets forth the elements of the offense, and section 4 sets forth merely a permissive rule of evidence in the prosecution of the offense declared by section 1. Defendant's second contention cannot be sustained.

Defendant asserts that exhibits 3, 11, 12, 13 and 14, which were insufficient fund checks made and uttered at approximately the same time and under similar circumstances, were erroneously admitted into evidence. The basis of the contention was that they were independent offenses claimed to have been committed by the defendant and not a part of the crimes charged in the information.

Proof of an independent crime is admissible in the discretion of the court, and may be received in the state's case in chief, under proper instructions, if it is relevant to the proof of the guilt of the defendant for the crime with which he is charged. To be relevant it must prove or tend to prove identity of person or crime, to prove scienter or guilty knowledge, to prove intent, to show inclination or motive, to prove plan, scheme, or system of operation and to prove malice. (*State v. Myrick*, 181 Kan. 1056, 317 P. 2d 485.) The legislature recognized the exceptions to the general rule, as contended by defendant, in enacting chapter 303, section 60-455, Laws of 1963. The mentioned rules, exceptions and statutes were thoroughly discussed in the well-annotated opinion of *State v. Wright*, 194 Kan. 271, 398 P. 2d 339, and what was said there is applicable here.

In the instant case the trial court in its instruction No. 11, in compliance with the last mentioned statute, properly instructed the jury:

"You are instructed that evidence has been introduced by the State tending to show that near the times alleged in the Information and on other occasions, the defendant committed other acts similar to those charged in the Information; and in this connection you are instructed that even if you believe such evidence

and testimony to be true, it is not to be considered by you as any evidence of the guilt of the defendant of the offenses charged and that the same is insufficient to support a verdict of guilty. This evidence is received and is to be considered by you only for its value, if any, as circumstances bearing upon the question of the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake as such matters relate and are relevant to the offenses charged. This evidence should be considered along with all of the other evidence for that purpose only and should be disregarded for any other purpose."

Clearly the instruction limits the application of the exhibits.

The record discloses the trial court exercised extreme care in protecting the defendant from prejudice at the very moment the state offered the exhibits into evidence. The court promptly advised the jury to consider the checks and documents only insofar as they bore upon the question of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. The defendant, therefore, cannot complain that the jury was not promptly informed as to the nature and applicability of the exhibits to the cause.

It is also contended the court erred in admitting exhibits 15, 16, 17 and 18. Exhibits 15 and 16 were First National Bank statement records of the joint account and signature card of James K. and Ruth Shannon. What has been said with reference to the admission of the previous exhibits is applicable here. The exhibits were clearly admissible.

There was no objection to the admission of exhibit 17 and the defendant consented to the admission of exhibit 18, and nothing further need be stated.

Defendant's final contention is that the court erred in taxing the costs of the case against him and permitting execution to issue on the judgment and a levy to be made upon the personal property of the defendant to satisfy the judgment. It is well settled in this state that upon conviction in a criminal action the defendant is liable for the costs made in both the prosecution and defense of the case. (See State v. Thomson, 188 Kan. 171, 360 P. 2d 871, where the matter is exhaustively discussed.) Subsequently execution was properly issued in accordance with our statute and a levy was made upon the personal property of the defendant, return made, and the money paid into court to apply on the judgment. There is nothing in the record to disclose that execution was improperly issued or that it was not in compliance with our statute.

The record in the case shows the trial court was vigilant of the defendant's rights. Defendant was granted a second preliminary hearing out of abundance of caution. He was protected at every stage of the proceedings by competent, court-appointed counsel. The jury was ably instructed with the view of protecting defendant's rights at every stage, and, without question, the defendant had a fair trial before a trial judge with many years of experience on the bench.

In view of the entire record and what has been said, no error has been made to appear warranting a reversal of the judgment. The judgment of the trial court is affirmed.