No. 44,253

THE STATE OF KANSAS, *Appellee*, v. GEORGE POULOS, *Appellant.*

(411 P. 2d 689)

Opinion filed March 5, 1966.

*T. M. Murrell,* of Topeka, argued the cause, and *George A. Scott, Jack A. Quinlan* and *Kay McFarland,* all of Topeka, and *Charles D. Anderson* and *Warner Moore,* both of Wichita, were with him on the brief for the appellant.

*Keith Sanborn,* County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, *Richard K. Hollingsworth,* Deputy County Attorney, and *A. J. Focht,* Deputy County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: This is an appeal by the defendant, George Poulos, from a conviction of second-degree burglary and grand larceny.

Evidence introduced by the state tended to show that on the night of July 21, 1962, the defendant had a conversation with one Rex Conn at the Town House Motor Hotel in Wichita, Kansas, in which the defendant told Conn he would like to have some television sets from the Town House and that he had a master key to open the doors; Conn agreed to get the sets and Poulos gave him the master key; using the key given him by the defendant, Conn entered four hotel rooms, took a television set from each room, placed them in his car and drove east on Kellogg Street; the defendant pulled along side of Conn's car on Kellogg and Conn followed him to a park where the defendant told him to wait; Poulos then drove off and returned a few minutes later with a man by the name of Russ Adams; Conn and the defendant unloaded three of the stolen television sets from Conn's car and placed them in Adams' car; Adams gave defendant the money for the three sets and the defendant handed Conn $75.00 as his share; Conn and defendant then loaded the fourth television set into the defendant's car and Conn left for home.

The specifications of error fall into four categories: First, that the trial court erred in overruling defendant's motion for change of venue, in connection with which it is claimed that the testimony of Judge Howard C. Kline was erroneously excluded; second, the court erred in permitting the state to endorse the name of George Taylor on the information and in admitting Taylor's testimony and instructing thereon; third, the court erred in giving an instruction on the unexplained possession of recently stolen property; and fourth, the court erred in overruling defendant's motion for a new trial. We shall consider these in order.

The grounds set out in the defendant's motion for a change of venue in this case were the same as those contained in a companion motion filed in a case then pending before Judge Noone, wherein Poulos, Conn and others were charged with arson and subornation of perjury. The two motions were consolidated for hearing and were presented jointly to Judge Noone and Judge Riddel, sitting *in banc*. The evidence introduced at the hearing, as well as

the joint rulings of the judges on legal questions, pertained to the motions in both cases. At the conclusion of the joint hearing, both motions were overruled.

Poulos was first tried in Judge Noone's court, where a conviction was returned on November 5, 1964, several months before a verdict was obtained in this case. He appealed from that conviction, alleging, as he has in this case, that error was committed in the overruling of his motion for a change of venue. That appeal is Case No. 44,147, *State v. Poulos,* 196 Kan. 253, 411 P. 2d 694.

It would be entirely repetitious to set out in this opinion what transpired at the combined hearing of defendant's twin motions for change of venue, or to detail the evidence introduced at that time. It would likewise be tedious, and a duplication as well, were we to repeat in this opinion the rules of law by which courts are governed in passing upon motions to transfer cases for trial. Justice Fatzer, in a comprehensive opinion rendered in *State v. Poulos,* supra, has ably depicted what occurred at the change of venue hearing and has thoroughly reviewed the applicable principles of law. We commend his discussion to those studious readers who are interested in the subject.

As this court pointed out in *State v. Welch,* 121 Kan. 369, 247 Pac. 1053, an order denying a change of venue will not be reversed unless it is shown to have prejudiced the substantial rights of a defendant. We have searched this record in vain for any affirmative evidence of prejudice resulting to Mr. Poulos from the denial of his motion.

It is apparent to us, from the record of the *voir dire* examination in this case, that no difficulty was experienced in obtaining a qualified jury. Poulos challenged no jurors for cause. Each member of the panel finally selected to hear this case was thoroughly examined and passed for cause by defense counsel. Those who had heard of the defendant were straightforward in asserting they knew nothing of *this* case, harbored no prejudice and would be fair and impartial in their judgments. The defendant even expended one of his peremptory challenges against a prospective juror who had never heard of him, rather than on one who had.

Our attention has been directed to no evidence of inflammatory press releases during the trial. Nor is there any claim that public

wrath or indignation was rampant. Indeed, there is little indication that John Q. Public displayed interest of any kind in the trial proceedings. It can hardly be contended that the jury was stampeded into hasty judgment by any show of public outrage when its deliberations consumed parts of two days.

We think nothing further need be said of the defendant's first claim of error. Applying the standards clearly defined in the first Poulos opinion, we hold that the trial court did not err in refusing a change of venue in this case or in excluding Judge Kline's testimony.

We next consider alleged errors relating to the testimony of George Taylor. The defendant first maintains that it was error to permit the state to endorse Taylor's name on the information after the jury had been impaneled. The record shows the state's motion was made in the afternoon of March 2, 1964, at which time the prosecuting attorney, in the presence of defense counsel, advised the court he had a witness who had just been interviewed and outlined the substance of his expected testimony. After listening to arguments from attorneys on both sides, the court at 4:35 p. m., announced he would rule in the morning at 9:30, at which time the state's request was granted.

The defendant concedes that the endorsement of additional names on an information is a matter which is largely within the trial court's discretion (*State v. Thyer*, 143 Kan. 238, 53 P. 2d 907; *State v. Thomas*, 173 Kan. 460, 249 P. 2d 645), but contends the trial court abused its discretion under the circumstances shown in this case. We cannot agree.

K. S. A. 62-802 provides in pertinent part that the prosecuting attorney shall endorse on the informations filed by him the names of witnesses known to him at the time of filing and, in addition, the names of other witnesses who afterward become known to him, at such times before trial as the court may prescribe. This statute is designed to protect a defendant against being taken by surprise at the trial. (*State v. Eidson*, 143 Kan. 300, 54 P. 2d 977; *Pyle v. Amrine*, 159 Kan. 458, 156 P. 2d 509.)

A situation comparable to the one presented here was before this court in *State v. Thomas*, supra. In that case we held:

"In a criminal action, whether the state may endorse on the information the names of additional witnesses at the beginning of the trial rests largely in the sound judicial discretion of the trial court. Examining the record before us we cannot say that discretion was abused." (Syl. ¶ 1.)

We have also held that endorsement of additional names on an information, even during a trial, rests within the sound judicial discretion of the trial court and where such endorsement has been permitted material prejudice to the rights of the defendant must clearly be shown before it will constitute reversible error. (*State v. Hendrix,* 188 Kan. 558, 565, 363 P. 2d 522, and cases cited therein.)

In our opinion, no abuse of discretion has been shown. The statement that Taylor's testimony had not previously been known stands uncontradicted by the record. The request for endorsement came prior to the introduction of any testimony, and Taylor's name and address were made known to defense counsel at that time, as well as his expected testimony. Counsel had from 4:35 p. m. in the evening to 9:30 a. m. the next morning to interview Taylor had they wished to do so. There is no suggestion that counsel had been unable to confer with Taylor or that they desired additional time for that purpose. No request is shown to have been made by the defendant for a continuance at any step of the proceedings.

One of the chief complaints lodged against the endorsement of Taylor's name on the information appears to be that his testimony was thought to be inadmissible. We believe an objection of this character is irrelevant to the endorsement itself. However, since the defendant did object to Taylor's testimony when it was later offered, we must determine whether it was properly admitted.

Taylor testified that while he was employed as a bellman at the Allis Hotel in October and November of 1964, the defendant, Poulos, approached him and offered him money for a passkey to the guest rooms. The state maintains that this evidence was admissible to show plan, system and method of operation on the defendant's part, even though the incident occurred more than two years after the Town House Motor Hotel was burglarized.

We are inclined to concur in the state's viewpoint. The defendant's co-conspirator, Conn, who had personally entered the Town House rooms and removed the television sets therefrom, testified that Poulos gave him a passkey for that purpose, although he did not say how Poulos had gained possession thereof. We believe there is sufficient similarity between the two incidents, the one at the Town House Motor Hotel, the other at the Allis Hotel, to make Taylor's evidence admissible as tending to show *modus operandi.*

This court has often held that evidence of independent similar offenses is admissible, under appropriate instruction as to the pur-

pose for which it may be considered, where it tends to prove, among other things, intent, inclination, plan, scheme, method or system of operation. (*State v. Handler,* 142 Kan. 455, 50 P. 2d 977; *State v. Myrick,* 181 Kan. 1056, 317 P. 2d 485; *State v. Shannon,* 194 Kan. 258, 398 P. 2d 344, cert. den. 382 U. S. 881, 15 L. Ed. 2d 122, 86 S. Ct. 172 [rehearing denied November 15, 1965].) Conviction is not a prerequisite to the admission of such evidence; the commission of the similar offense is sufficient (*State v. Stephenson,* 191 Kan. 424, 381 P. 2d 335). We have also held evidence of similar transactions admissible to show knowledge and method of doing business (*State v. Robinson,* 125 Kan. 365, 263 Pac. 1081). See, also, *State v. Harper,* 137 Kan. 695, 22 P. 2d 454.

In *State v. Wright,* 194 Kan. 271, 398 P. 2d 339, we discussed at some length the admissibility of evidence relating to similar offenses and said that our long recognized rule had not been changed materially by the enactment in 1963 of K. S. A. 60-455.

The defendant calls attention to the lapse of some two years between the two occurrences and argues that the second episode was so remote in point of time from the first as to be entirely irrelevant. We are obliged to differ. In *State v. Fannan,* 167 Kan. 723, 207 P. 2d 1176, we held:

"Remoteness in time of such evidence, otherwise admissible, affects the weight and probative value and not the admissibility of the evidence." (Syl. ¶ 3.)

In *State v. Marshall,* 152 Kan. 607, 106 P. 2d 688, evidence that the defendant had given a bad check *two years after* the one on which he was being tried was held to be admissible. See also *State v. Ridgway,* 108 Kan. 734, 737, 197 Pac. 199; *State v. King,* 111 Kan. 140, 149, 206 Pac. 883; *State v. W. H. France,* 146 Kan. 651, 652, 72 P. 2d 1001; *State v. Grey,* 154 Kan. 442, 445, 119 P. 2d 468.

Since we hold that Taylor's evidence was admissible, there is no merit in the defendant's objection to the submission of Instruction 21, which limited the purposes for which his evidence could be used. It is not contended that the instruction incorrectly states the law and our reading of its suggests no flaw. A court is required to instruct upon the purposes for which evidence of similar offenses or civil wrongs may be considered. (*State v. Robinson,* supra; *State v. Mall,* 112 Kan. 63, 209 Pac. 820; *State v. Stephenson,* supra; *State v. Wright,* supra.)

It is next argued that the court erred in giving Instruction 13a, relating to the unexplained possession of recently stolen property. The defendant does not contend the instruction is incorrect, but maintains there was no evidence to justify its being given. We believe the defendant is mistaken. Conn's testimony, as shown in the record, clearly places Poulos in joint possession and control of the stolen property with Conn, after it was taken from the Town House Motor Hotel. The instruction was properly given and the contention of the defendant on this point is not valid.

Finally, the defendant urges that his motion for a new trial should have been sustained. From a study of the record, we are satisfied there was ample evidence to support the judgment of conviction. Furthermore, no legal errors are shown to have prejudiced the substantial rights of the defendant. In our opinion, the trial court did not abuse its discretion in overruling the motion for new trial.

The judgment of the court below is affirmed.