No. 45,147

STATE OF KANSAS, *Appellee*, v. ELLIS JAMERSON, *Appellant*.

(449 P. 2d 542)

Opinion filed January 25, 1969.

*Richard L. Becker*, of Coffeyville, was on the brief for the appellant.

*Monte K. Heasty*, County Attorney, argued the cause, and *Robert C. Londerholm*, Attorney General, and *Timothy R. Emert*, Assistant County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: This appeal is from the judgment of the district court of Montgomery County sentencing the defendant, Ellis Jamerson, to life imprisonment. Mr. Jamerson was charged with burglary and larceny, his case was tried to a jury, and he was found guilty of both offenses. Prior to sentence, evidence of two prior convictions was introduced, and the sentence was pronounced under the Habitual Criminal Act.

In brief, the state's evidence showed that about 3:15 a. m. on March 30, 1967, a police officer of the city of Independence, Kansas, saw a man come from the east side of Crawford's Truck Stop and go behind some rental trailers. Another officer was promptly summoned, and the two officers soon found the defendant lying in a field adjoining the Truck Stop, with a tool lying beside him, and with a small metal coin box in his possession containing $38.65 in change.

Investigation revealed that the glass in the front door of Crawford's Truck Stop had been broken and the building had been entered. A cigarette vending machine inside the building had been pried open, and the coin box had been removed therefrom. The coin box found in the defendant's possession was identified as the one taken from the cigarette machine.

Following his apprehension, and after a Miranda warning, the defendant orally admitted guilt. His transcribed statement was admitted in evidence over an objection that the statement had been secured through threats.

The defendant's primary complaint is that evidence was admitted during the state's case in chief, showing that he had been convicted, in 1947, of burglary and larceny. It is first claimed that this conviction was too remote in time to have had probative value. The contention cannot be sustained. This court has often held that the weight to be given evidence of this character, when admissible, is for the jury to determine.

In *State v. Caton*, 134 Kan. 128, 131, 4 P. 2d 677, it was said:

". . . This court has repeatedly held that if the evidence is otherwise admissible it is of no consequence whether the similar offense occurred prior or subsequent to the offense with which the defendant is charged. The time of the similar offense and its relation to the offense charged goes only to the weight of the evidence. (*State v. King*, 111 Kan. 140, 206 Pac. 883; *State v. Wahl*, 118 Kan. 771, 236 Pac. 652.)"

This rule has been followed consistently to the present time. (Among recent cases, see *State v. Wright*, 194 Kan. 271, 276, 398 P. 2d 339; *State v. Poulos*, 196 Kan. 287, 292, 411 P. 2d 689; *State v. Darling*, 197 Kan. 471, 478, 419 P. 2d 836.) Our decision in *State v. Fannan*, 167 Kan. 723, 207 P. 2d 1176 is illustrative. In that case, the defendant was charged with burglary and larceny. Evidence was admitted to show two prior convictions of robbery, one having occurred ten, and the other seventeen years earlier. This court, in upholding the admission of that evidence said, on page 727:

". . . If previous crime or conduct has a natural and logical tendency to establish the crime, or an element of the crime, for which the defendant is

on trial, the evidence is admissible and ought to be admitted, as this court has many times held. Moreover, mere remoteness in time affects the weight to be given such evidence, rather than its admissibility. The question is—did the evidence tend to prove guilty knowledge? . . ."

It is next argued that the prior offenses are not shown to have been similar to those presently charged. We find no merit in this contention. The record reflects that the former conviction was on charges of burglary in the nighttime and larceny connected therewith. Those charges are identical in kind to those on which the defendant was tried in the instant case.

We think it readily apparent that the former offenses were sufficiently similar to those charged here to have probative bearing on such matters as intent, knowledge, plan and preparation. Particularly would this seem to be so where, as here, a major part of the defense was predicated on lack of mental capacity. Among other cases in which prior offenses have been admitted on the basis of similarity, see *State v. Fannan,* supra, *State v. W. H. France,* 146 Kan. 651, 72 P. 2d 1001; *State v. Marr,* 136 Kan. 602, 16 P. 2d 469; *State v. Peasley,* 179 Kan. 314, 295 P. 2d 627; *State v. Stephenson,* 191 Kan. 424, 381 P. 2d 335; *State v. Jerrel,* 200 Kan. 415, 436 P. 2d 973. Moreover, we said in *State v. Wright,* supra, that our statute, K. S. A. 60-455, does not require the evidence of former convictions to show the offenses to have been identical in nature; it is sufficient if they are similar.

The final objection made to the admission of the evidence of prior convictions is that the judgments of conviction were based on a verdict of guilty returned by a jury, rather than on a plea of guilty entered by the defendant. This exact point has not heretofore been raised before this court, and our limited research has disclosed very little authority elsewhere.

It is, however, the prevailing view in the great majority of jurisdictions that where proof of a similar offense is admissible, proof of its commission may be made by proving a conviction therefor. (22A C. J. S., Criminal Law, § 690, p. 793.) In such a case it has been said that proof of a conviction stands on the same footing as original evidence of the commission of the offense to which the conviction relates. (*People v. Formato,* 286 App. Div. 357, 143 N. Y. S. 2d 205, 64 A. L. R. 2d 812.)

In most of the authorities we have found, the rule is simply stated that where evidence of a similar offense is admissible to show intent,

plan, etc., the record of the defendant's conviction thereof is admissible in evidence to establish the offense. (2 Wharton's Criminal Evidence, Twelfth Ed., § 634, p. 525; *State v. Wright,* supra; *State v. Neagle,* 65 Me. 468; *World v. State,* 50 Md. 49.)

Although it is impossible to ascertain, from the facts set out in most opinions, whether the former conviction was based upon a verdict of guilty or on a plea, we may point to *People v. Peete,* 28 C. 2d 306, 169 P. 2d 924, as one exception. In that case the defendant was charged with murder, and the trial court admitted into evidence, for the purpose of proving a similar offense, the record of a former conviction of murder based on a jury's finding of guilty. In upholding the admission of this evidence as relevant to show scheme and plan, the California court said that where a judgment of conviction has been entered in a criminal case, the record thereof establishes the previous conviction beyond dispute.

We believe the distinction which the defendant seeks to draw between a conviction based on a verdict of guilty and a conviction based on a plea of guilty is without substance. It is our view that an adjudication of guilt by twelve fair and impartial jurors, as our judicial system requires, is evidence of a substantial character to show the commission of a similar offense. No authority has been cited which would impugn this view. Accordingly, we hold the evidence was properly admitted.

The defendant's final point relates to the trial court's instruction on the issue of insanity, which was raised at the trial. We have carefully examined the instruction which was given and find it is closely patterned after the instructions approved by us in *State v. McBride,* 170 Kan. 377, 226 P. 2d 246, and *State v. Andrews,* 187 Kan. 458, 357 P. 2d 739. This court many years ago became committed to the so-called M'Naghten rule, which formulates the "right and wrong" test for measuring criminal responsibility.

The defendant's actual quarrel is more with the test of mental capacity to which this court has long adhered, than with the phraseology of the court's instruction. For reasons we deem sufficient, and which will be apparent to anyone who reads our opinion in Andrews, we decline to depart from our established rule.

We have carefully studied the record before us, and find no error. The judgment of the court below is affirmed.